IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | Chapter 13 |
| Melissa A Martin, | Case No. 5:24-bk-01277-MJC |
| Debtor | |

**DEBTOR'S BRIEF REGARDING FREEDOM MORTGAGE CORPORATION'S OBJECTION TO DEBTOR'S THIRD AMENDMENT TO SCHEDULE A/B**

Freedom lacks standing to object to the amendment. Chief Judge Van Eck has described the test for bankruptcy standing.

> Bankruptcy standing is governed by both Article III of the Constitution and the Bankruptcy Code. The Constitution limits the judicial power of the United States to "Cases" and "Controversies." An essential and unchanging part of the case-or-controversy requirement is the doctrine of standing. . . .
>
> The right to be heard in a bankruptcy case is also governed by the Bankruptcy Code. Section 502, for example, governs the allowance of claims and interests and provides any "party in interest" with standing to object. *See* 11 U.S.C. § 502(a). Unfortunately, the Bankruptcy Code does not expressly define who qualifies as a "party in interest" for purposes of section 502. The Third Circuit Court of Appeals, however, has stated that a "party in interest" is "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding."
>
> Careful examination of the above principles demonstrates that the assessment for standing under Article III coincides with the test for standing as a "party in interest" under the Bankruptcy Code. Indeed,

1

the Third Circuit has observed that persuasive authority indicates that Article III standing and standing under the Bankruptcy Code are effectively coextensive. **Therefore, the relevant query for this matter is whether [the party] has a legally protected interest that could be affected by this bankruptcy proceeding.** This court has little difficulty concluding that she does.

*In re Mechanicsburg Fitness, Inc.*, 592 B.R. 798, 803–04 (Bankr. M.D. Pa. 2018)(citations and quotation marks omitted, emphasis added).

Judge Frank agrees that standing requires a party to have some skin in the game.

The linchpin of standing, in the constitutional sense, is that the party seeking relief demonstrate exposure to some actual or threatened injury. The Bankruptcy Code also addresses standing. Section 502(a) of the Bankruptcy Code provides that a proof of claim is deemed allowed "unless a party in interest ... objects." The Code does not define a "party in interest." To give meaning to the term, many courts have concluded that, in the bankruptcy context, a party must have a "pecuniary interest" in the outcome of the dispute.

*In re Freeman*, 540 B.R. 129, 134 (Bankr. E.D. Pa. 2015)(citations and quotation marks omitted, emphasis added).

So, to have standing to object to Plaintiff's amended schedules, Freedom would need to have a pecuniary interest in the outcome of its objection.[1] It

---

[1] Where a party's standing is not clear, the Court is required to consider the issue even if not raised by any party. *Freeman*, 540 B.R. at 134.

2

does not. The confirmed plan (Dkt. Entry 24) provided for payment to

Freedom of the pre-petition mortgage arrearage as stated in its allowed proof

of claim (POC Amended 15, filed 12/30/2024). That amount, $15,858.38, has

been paid by the trustee. See Exhibit A, Report from Chapter 13 Trustee Online

Case Status System. Freedom is not entitled to receive any further payment in

this proceeding. If Freedom's objection to Plaintiff's amended schedules were

granted, Freedom would not have any pecuniary benefit. It has no standing.

Freedom's motion here is designed solely to gain an advantage in the

pending state court litigation between Debtor and Freedom. The existence of

that litigation does not give Freedom standing here. *See e.g., In re Manshul*

*Const. Corp.*, 223 B.R. 428, 429 (Bankr. S.D.N.Y. 1998)(defendants in adversary

proceeding did not have standing to object to claims in the bankruptcy case

where the defendants had "no interest in [the bankruptcy] estate beyond their

interest as defendants in an adversary proceeding."); *In re Richardson Foods,*

*Inc.,* 659 B.R. 154, 164 (Bankr. S.D.N.Y. 2024), *reconsideration denied,* 667 B.R.

500 (Bankr. S.D.N.Y. 2025)("[it] appears to the Court that a primary purpose of

this Motion may be to divest the Trustee of standing to prosecute the

Adversary Proceeding where the Movants are defendants. . . . to the extent that

Movants' standing is dependent upon their status as defendants in the

3

Adversary Proceeding, the Court finds that the Movants do not have standing to bring this Motion.")

Freedom's motion should be denied because Freedom lacks standing to bring it.

Respectfully Submitted,

s/ Carlo Sabatini

Carlo Sabatini, PA 83831
Attorney for Plaintiff
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769

4