IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| In re: | Chapter 13 |
|---|---|
| Melissa A Martin, | Case No. 5:24-bk-01277-MJC |
| Debtor | |

**DEBTOR'S SUPPLEMENTAL BRIEF REGARDING FREEDOM MORTGAGE CORPORATION'S OBJECTION TO DEBTOR'S THIRD AMENDMENT TO SCHEDULE A/B**

Counsel provides this supplemental brief as an alternative argument in case the Court finds that Freedom has standing to raise its objection.

Freedom objects to the amendment filed to Dkt. Entry 51. As indicated in the docket text for that entry, that document is related to – i.e., amends - Dkt. Entry 38. Here is the language from the document filed to Dkt. Entry 38:

> ADD Additional claims arising after previous amendment filed to Dkt. Entry 32 on January 30, 2025: Claims against Freedom Mortgage Corporation and PS Bank for violations of RESPA, TILA, and Regulation Z. Debtor could recover statutory damages of up to $6,000.00, plus costs and attorney's fees.

And here is the language from the amendment filed to Dkt. Entry 51:

> <u>AMEND: This is an amendment to the asset disclosed in Dkt. Entry 38:</u> Additional claims arising after previous amendment filed to Dkt. Entry 32 on January 30, 2025: Claims against Freedom Mortgage Corporation and PS Bank for violations of RESPA, TILA, and Regulation Z. Debtor could recover statutory damages of up to $6,000.00, <u>actual damages</u>, costs and attorney's fees.

(emphasis added).

Thus, the amendment added language to: (a) specifically describe the exact asset being amended and (b) disclose the possibility that actual damages would be recovered.

The initial failure to disclose the possibility of actual damages in Dkt. Entry 38 was a mistake. Debtor's counsel drafted that language by essentially mirroring what he had been using for years for bankruptcy debtors who hold claims under the Fair Debt Collections Practices Act ("FDCPA"). A sampling of the language used in ten such cases filed over the past decade is attached as Exhibit A.

The reason that FDCPA-style language was used as a basis here is because the FDCPA, like RESPA and TILA, provides modest statutory damages plus attorneys' fees for consumers who might not be able to show actual harm.[1] The language was rote to counsel, having probably been used hundreds

---

[1] Critically, the fact that actual harm might not be provable, or even suffered at all, does not mean that the consumer does not have a claim. Rather, he simply might not have standing to bring the claim in **federal** court. In *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), some class members were not permitted to participate in a federal case after they were unable to prove that they had suffered an actual harm necessary to confer federal court jurisdiction. In dissent, Justice Thomas noted that going forward, such claims were likely to instead be brought in state court.

> Today's decision might actually be a pyrrhic victory for TransUnion. The Court does not prohibit Congress from creating statutory rights for consumers; it simply holds

of times to exempt FDCPA claims over more than a decade. And here, where the debtor sought only to recover statutory damages and attorney's fees, the language instinctively seemed correct.

However, on closer examination, it could have been more accurate. The reason for the difference is because, here, part of the attorney's fees that the consumer could expect to recover are themselves, in fact, an actual damage. Attorney's fees that a consumer suffers defending herself from a bad actor's misconduct may be considered an actual damage. *See e.g., In re Aleckna*, 13 F.4th 337, 346 (3d Cir. 2021)("a debtor may suffer 'financial injury in the form of attorneys' fees' when they are incurred to 'enjoin further violations of the stay.'") In the drafting of Dkt. Entry 38 counsel failed to consider this distinction. And that failure made it seem that the language used for FDCPA claims was appropriate.

---

> that federal courts lack jurisdiction to hear some of these cases. That combination may leave state courts—which "are not bound by the limitations of a case or controversy or other federal rules of justiciability even when they address issues of federal law," —as the sole forum for such cases, with defendants unable to seek removal to federal court. By declaring that federal courts lack jurisdiction, the Court has thus ensured that state courts will exercise exclusive jurisdiction over these sorts of class actions.

*Id.* at 459, n.9, Thomas dissenting, citations omitted.

Although the original language could have been better, it *was* accurate – both technically and substantively. Technically, it was accurate because it correctly disclosed that the debtor could recover statutory damages, costs, and attorney's fees. The inadvertent silence on the issue of whether the attorney's fees themselves could be considered an actual damage did not make the language incorrect.

More importantly, the original language was also *substantively* correct. It correctly explained that the possible value to the debtor (or the bankruptcy estate), after payment of costs and attorney's fees, was $6,000.00. That statement is true. The spirit of the Code was complied with. The debtor provided information sufficient for the trustee to understand the value of the claim.

Nevertheless, to ensure that the schedules are unquestionably accurate, the amendment filed to Docket Entry 51 discloses that the recovery of actual damages is a possibility. The amendment here does not prejudice Freedom in any way and provides more accurate information regarding the claim. Freedom's objection should be denied.

Respectfully Submitted,

s/ Carlo Sabatini
Carlo Sabatini, PA 83831
Attorney for Debtor

4

Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769