# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: MELISSA MARTIN,<br><br>Debtor,<br><br><br>Jack Zaharopoulous, Trustee. | Case No.: 5:24-bk-01277-MJC |

## FREEDOM MORTGAGE CORPORATION'S BRIEF IN SUPPORT OF OBJECTION TO DEBTOR'S THIRD AMENDMENT TO SCHEDULE A/B

Creditor, Freedom Mortgage Corporation ("Freedom"), submits the following responsive brief ("Response") to Debtor Melissa Martin's ("Debtor") Brief [Doc. 59] and Supplemental Brief [Doc. 58] (collectively, "Briefs"), opposing Freedom's Objection to Debtor's Third Amendment to Schedule A/B ("Amendment Three").[1]

### I. Argument

#### a. Freedom has standing to object to Amendment Three.

Debtor's Briefs argue Freedom lacks standing to object to Amendment Three because it has no pecuniary interest in the outcome. [Doc. 58, Pages 2-3]. Debtor makes this statement on the basis that Freedom's proof of claim for pre-petition arrears has been paid by the Trustee, and Freedom is not currently due to receive

---

[1] The pending state court case is referred to throughout Freedom's Response as the "Companion Case."

additional disbursements, so it will receive no benefit if the objection is granted. [*Id.* at 3]. However, Debtor's conclusion ignores that Amendment Three is about Debtor's pending litigation against Freedom in the Companion Case. Freedom's standing is not limited by whether it will receive additional disbursements if the objection is sustained and the dispute is about its post-petition fee notice ("PPFN").

The Third Circuit has observed "[p]ersuasive authority indicates that Article III standing and standing under the Bankruptcy Code are effectively co-extensive." *In re Global Indus. Techs.*, 645 F.3d 201, 211 (3rd Cir. 2011). The injury requirement for constitutional standing, analogous to a pecuniary interest, is broad, and "[o]nce a [party] has alleged some specific, 'identifiable trifle' of injury, that is fairly traceable to the [other party's] conduct, the requirement of a constitutionally adequate stake in the controversy is satisfied." *Bowman v. Wilson*, 672 F.2d 1145, 1151 (3rd Cir. 1982) (internal citations omitted). A party in interest is "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding." *Whiteley v. Slobodian (In re Mechanicsburg Fitness, Inc.)*, 592 B.R. 798, 804 (Bankr. M.D. Pa. 2018) (citing *Global Indus. Techs., Inc.*, 645 F.3d at 210).

The Supreme Court recently reaffirmed the phrase "party in interest" in bankruptcy provisions should be applied generously. In *Truck Insurance Exchange*, an insurance company that was not a creditor, but objected to reorganization because the plan lacked disclosure requirements for claims the insurance company would

2

potentially be liable for paying. *See Truck Ins. Exch. v. Kaiser Gypsum Co.*, 602 U.S. 268 (2024). The Supreme Court held that a party with "financial responsibility for bankruptcy claims is a 'party in interest' that may object to a Chapter 11 plan." *Id*. at 285. Here, the "claims" are against Freedom and concern its PPFN. Accordingly, Freedom has a legally protected interest that may be affected by the bankruptcy and standing to object. If Amendment Three is approved, Debtor will likely not be bound by the representations she made to obtain stay relief and can simply change her story to fit her litigation strategy at the time, or any theory that allows her counsel to continue to run up litigation fees regardless of the actual merits of the claim or damage to Debtor.

Additionally, Debtor's brief fails to support her position that Freedom lacks standing as it is filled with case law that is neither controlling nor persuasive.. In *Manshul Construction Corporation*, the sole shareholders of the debtor corporation were individual defendants in an adversary proceeding to recover fraudulent conveyances. *See In re Manshul Constr. Corp.*, 223 B.R. 428 (Bankr. S.D.N.Y. 1998). The shareholder-defendants objected to general unsecured claims in the main bankruptcy proceeding to divest the trustee's causes of action in the adversary proceeding. *Id*. The shareholder-defendants' position as sole shareholders did not make them alter-egos of the debtor, and they did not have standing as either debtor or creditor. *Id*. at 429-430. The court ruled because the shareholder-defendants' only

3

ground for standing was as defendants in the adversary proceeding, they lacked standing to object to claims in the main bankruptcy proceeding. *Id.* at 431. *Richardson Food*s is similar. Defendants in an adversary proceeding lacked standing to seek dismissal of a chapter 7 case because the defendants were not creditors or parties in interest of the debtor. *In re Richardson Foods, Inc.*, 659 B.R. 154, 167 (Bankr. S.D.N.Y. 2024) The defendants were creditors of the debtor's parent entity but failed to provide evidence they were creditors or parties in interest. *Id.* Therefore, the defendants lacked standing outside the adversary proceeding. *Id.*

Here, Freedom has standing as a secured creditor as evidenced by its allowed proof of claim. [Doc. 58, Page 3]. Freedom also has standing because Amendment Three concerns a claim against Freedom connected to its PPFN. [Doc. 32, 33, 38, 51, 54]. Accordingly, Freedom has a stake in all matters relating to its interests in this proceeding, including the outcome of this objection, and Freedom has standing to object to Amendment Three giving the pending litigation. As such, Freedom has standing to object to Amendment Three.

## b. Amendment Three is intentionally misleading and prejudices Freedom's rights in this proceeding and the Companion Case.

Amendment Three attempts to add language to the record that concerns Freedom and which is legally inaccurate, misleading, and contradicts numerous representations made to and accepted by this Court. Debtor's counsel makes the

4

erroneous argument that the "failure to disclose the possibility of actual damages in [Amendment Three] was a mistake" due to years of using this language to bring claims under another federal statute [Doc. 59, Page 2]. Even if a mistake, which the record does not support, it was a representation made to and relied on by this Court, which binds Debtor.

That argument is belied by language in Debtor's Motion to Order Trustee to Abandon Property ("Motion to Abandon"), which was filed approximately four (4) months before the second amended schedule and approximately seven (7) months before Amendment Three. Debtor's Motion to Abandon says:

> "Debtor does not assert that she has a claim for any *actual* damages, and she intends to seek only statutory damages. The maximum award of statutory damages is $6,000.00. (See 12 U.S.C. § 2605(f)(1) and § 1640(a)(2)(A)(i)). A prevailing consumer can also receive the costs of the action together with a reasonable attorney's fee. (See 12 U.S.C. § 2605(f)(3) and 15 U.S.C. § § 1640(a))." (emphasis in original). [Doc. 33, ¶ 4].

While neglecting to include actual damages in prior amendments might be a mistake, the above provision is not a drafting error, it a disclaimer that Debtor only has a claim for statutory damages. The absence of actual damages is reaffirmed in Debtor's Motion to Confirm that Property has Been Abandoned. "The most that the debtor could hope to recover in this case is the statutory damage award of $6,000.00. Any additional amount recovered for attorney's fees—whether defensive or prevailing litigant—would be expected to be paid to the attorney." [Doc. 43, ¶ 8].

5

Despite evasive attempts to bifurcate some attorney's fees as "attorney's fees" and some attorney's fees as "actual damages," Debtor has not incurred actual damages relating to her claim against Freedom. "[P]art of the attorney's fees the [Debtor] could expect to recover are themselves, in fact, an actual damage." [Doc. 59, Page 3]. However, Debtor *will not* incur actual damages because she faces no financial liability for attorney's fees relating to her claim. This fact has been repeatedly corroborated by Debtor's counsel. While discussing Debtor's potential recovery and liability for pursuing the claims, Debtor's counsel admitted as much before this Court:

```
 1  and that the value to the estate had accurately been described.
 2          THE COURT:  Does the debtor have a fee agreement with
 3  you relating to this matter?  Or is it all encompassed in your
 4  fee agreement?
 5          MR. SABATINI:  No, there's -- I mean, there should be
 6  a separate fee agreement for this.  That's our practice.
 7          THE COURT:  And is she paying you by the hour or is
 8  it all contingency?
 9          MR. SABATINI:  It's contingent, Your Honor.  A
10  contingent hourly rate.
11          THE COURT:  Okay.  And is she paying the cost or is
12  that part of the contingency?
13          MR. SABATINI:  That's -- I pay --
14          THE COURT:  No cost to the client, right?
15          MR. SABATINI:  Correct.
16          THE COURT:  Okay.
17          MR. SABATINI:  The client will never write me a check
18  for this case.
19          THE COURT:  Okay.  Pre, post, any attorney's fees
20  whatsoever?
21          MR. SABATINI:  Nothing.
```

[Doc. 61, Page 18, Lines 2-21][2].

Despite openly admitting that Debtor *is not liable* for payment of attorney's fees, regardless of the outcome in the Companion Case, Debtor's counsel continues to insist that attorney's fees constitute actual damages, which is simply not true. Permitting the record to reflect otherwise is inaccurate, misleading, and prejudicial to Freedom.

---

[2] A copy of the official Transcript of Hearing on Objection to Amendment to Schedules A/B, listed on the Court docket at Docket No. 61, is attached hereto for reference as Exhibit A.

7

Debtor's position that "Freedom's [objection] here is designed solely to gain an advantage in the pending state court litigation between Debtor and Freedom," is also misleading. [Doc. 58, Page 3]. If anything, Amendment Three is Debtor's attempt to gain an advantage in the Companion Case. Freedom is simply requesting this Court hold Debtor to the representations she made when she obtained abandonment. It is notable and worth repeating that Debtor's claim in the Companion Case stems from an alleged failure to provide information pertaining to the reasonableness of the PPFN filed in this case. Debtor did not object to the PPFN to determine whether paying the fee was required, and the one (1) year period to contest the fee expired on October 21, 2025. Fed. R. Bankr. P. 3002.1(e).

This is not a dispute over a drafting mistake due to the use of form language. This is a dispute over bad faith efforts to use the bankruptcy court for advantage in another venue. This Court's record is replete with disclaimers that the Debtor has not suffered actual damages from the alleged violation and will not incur financial harm from prosecuting the claim in the Companion Case. Amendment Three is an attempt to repaper the record after Freedom advised counsel his client did not have a viable claim without actual damages. Freedom's objection is aimed at preventing inaccurate information from entering this Court record or attempting to change the record. This position is appropriate and consistent with Freedom's position in the Companion Case.

## II. Conclusion

Freedom has standing in Debtor's bankruptcy proceeding as a secured creditor and party in interest, and Freedom has a pecuniary interest in the outcome of its objection. While this dispute is admittedly uncommon, Freedom has demonstrated Debtor's repeated amendments are not for the sake of accuracy; they are misleading, inappropriate, and implicate Freedom's interests. Freedom respectfully requests its objection is sustained.

Respectfully submitted,

Dated: December 3, 2025

/s/ Sarah S. Mattingly
Sarah S. Mattingly, Esq.
(Admitted Pro-Hac)
Dinsmore & Shohl, LLP
101 South Fifth Street, Suite 2500
Louisville, Kentucky 40202
Phone: (502) 540-2300
Fax: (502) 585-2207
E-mail: sarah.mattingly@dinsmore.com
*Counsel for Creditor,*
*Freedom Mortgage Corporation*

# CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **Freedom Mortgage Corporation's Brief in Support of Freedom's Objection to Debotr's Third Amendment to Schedule A/B** was served via E-Mail, on this 3rd day of December 2025 upon the following:

Carlo Sabatini
Sabatini Law Firm, PLLC
216 N. Blakely St.
Dunmore, PA 18512
carlo@bankruptcypa.com
(*Counsel for Debtor*)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| In re: MELISSA MARTIN, | Case No.: 5:24-bk-01277-MJC |
|---|---|
| Debtor, | |
| Jack Zaharopoulous, Trustee. | |

**Certification of Service Upon Paper File Pursuant to L.B.R. 9013-3**

| Title of Papers Served: | **Freedom Mortgage Corporation's Brief in Support of Freedom's Objection to Debotr's Third Amendment to Schedule A/B** | |
|---|---|---|
| Name and Address of Recipient: | Entity the Recipient Represents (if applicable) | Method of Service |
| The entities on the attached service list | | United States Mail – First Class Postage Prepaid |

    I hereby certify that a copy of the foregoing Brief in Support of Freedom's Objection to Debotr's Third Amendment to Schedule A/B was served by U.S. First Class Mail or by electronic means upon all parties of record receiving notice via the Court's ECF PACER system on December 3, 2025.

Executed on December 3, 2025     /s/ Sarah S. Mattingly
    Sarah S. Mattingly, Esq. (KBA #94257)
    Dinsmore & Shohl, LLP
    101 South Fifth Street, Suite 2500
    Louisville, Kentucky 40202
    Phone: (502) 540-2300
    Fax: (502) 585-2207
    E-mail: sarah.mattingly@dinsmore.com
    *Counsel for Creditor,*
    *Freedom Mortgage Corporation*

| |
|---|
| Jack N Zaharopoulos<br>Standing Chapter 13<br>(Trustee)<br>8125 Adams Drive, Suite A<br>Hummelstown, PA 17036 |
| Agatha R. McHale<br>Attorney for Trustee<br>8125 Adams Drive, Suite A<br>Hummelstown, PA 17036 |
| Comenity Bank<br>PO Box 182789<br>Columbus, OH 43218-2789 |
| Comenity Capital<br>PO Box 182120<br>Columbus, OH 43218-2120 |
| Comenity Capital/Carter<br>3075 Loyalty Circle<br>PO Box 182120<br>Columbus, OH 43218-2120 |
| Credit Corp Solutions<br>Patenaude & Felix, APC<br>2400 Ansys Dr, Suite 402-B<br>Canonsburg, PA 15317-0403 |
| CREDIT CORP SOLUTIONS INC<br>121 W ELECTION RD<br>SANDY UT 84020-7766 |
| Daniel E Martin, Jr<br>116 S Main St<br>Carbondale, PA 18407-2605 |
| Dept of Ed/Nelnet<br>121 South 13th St<br>Lincoln, NE 68508-1904 |
| Fidelity Deposit and Discount Bank<br>338 N Washington Ave<br>Scranton, PA 18503-1554 |
| Pennsylvania Department of Revenue<br>Bankruptcy Division<br>P.O. Box 280946<br>Harrisburg, PA 17128-0946 |

| |
|---|
| Gregg Lawrence Morris, Esq<br>Patenaude & Felix, APC<br>2400 Ansys Dr, Suite 402-B<br>Canonsburg, PA 15317-0403 |
| Karin Baltimore Schweiger, Esq<br>Brock & Scott, PLLC<br>2011 Renaissance Blvd, Suite 100<br>King of Prussia, PA 19406-2782 |
| LVNV Funding LLC<br>55 Beattie Pl<br>Greenville, SC 29601-2165 |
| LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Midland Credit Management<br>350 Camino de la Reina Ste 100<br>San Diego, CA 92108-3007 |
| Midland Credit Management Inc<br>320 E Big Beaver Rd Ste 300<br>Troy, MI 48083-1271 |
| Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090-2037 |
| Mychal Thomas Rutkowski, Esq.<br>Patenaude & Felix, APC<br>2400 Ansys Dr, Suite 402-B<br>Canonsburg, PA 15317-0403 |
| North American Risk Services, Inc 401(k)<br>240 E Central Parkway Suite 4010<br>Altamonte Springs, FL 32701-7848 |
| AT&T Mobility<br>PO Box 6416<br>Carol Stream, IL 60197-6416 |
| PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Pennsylvania American Water<br>PO Box 371412 |

| |
|---|
| Pittsburgh, PA 15250-7412 |
| Quantum3 Group LLC as agent for<br>Credit Corp Solutions Inc<br>PO Box 788<br>Kirkland, WA 98083-0788 |
| SYNCB/Amazon PLCC<br>4125 Windward Plaza<br>Alpharetta, GA 30005-8738 |
| SYNCB/Care Credit<br>PO Box 965036<br>Orlando, FL 32896-5036 |
| SYNCB/Walmart<br>PO Box 965024<br>Orlando, FL 32896-5024 |
| Sallie Mae Inc.<br>PO Box 3229<br>Wilmington, DE 19804-0229 |
| Synchrony Bank<br>PO Box 965060<br>Orlando, FL 32896-5060 |
| TD Bank/Target<br>7000 Target Parkway N Mail Stop NCD-0450<br>Brooklyn Park, MN 55445-4301 |
| U.S. Department of Education c/o Nelnet<br>121 S 13th St<br>Lincoln, NE 68508-1904 |
| Affirm Inc<br>650 California St FL 12<br>San Francisco, CA 94108-2716 |
| US Attorney for the PA Middle District<br>William J. Nealon Federal Building<br>235 N Washington Ave Ste 311<br>Scranton, PA 18503-1533 |
| US Department of Education<br>400 Maryland Ave SW<br>Washington, DC 20202-0001 |
| Bryan Jon Polas, Esq.<br>Law Offices of Hayt, Hayt & Landau, LLC<br>2 Industrial Way W, PO Box 500 |

| |
|---|
| Eatontown, NJ 07724-0500 |
| Capital One<br>PO Box 31293<br>Salt Lake City, UT 84131-0293 |
| Capital One N.A.<br>by AIS InfoSource LP as agent<br>PO Box 71083<br>Charlotte, NC 28272-1083 |
| Citibank<br>PO Box 9001037<br>Louisville, KY 40290-1037 |
| Comenity Bank/Justice<br>3075 Loyalty Circle<br>PO Box 182789<br>Columbus, OH 43218-2789 |
| Andrew Spivack<br>Brock and Scott, PLLC<br>3825 Forrestgate Dr.<br>Winston-Salem, NC 27103 |