# Exhibit A

(Beckhorn Motion to Abandon)

# United States Bankruptcy Court
## Middle District of Pennsylvania

| | | |
|---|---|---|
| In re | Michelle Beckhorn; Michelle Gunshannon; Michelle M Beckhorn; Michelle Marie Beckhorn | Case No. 5:21-bk-00849-MJC |
| | | Chapter 13 |
| | Debtor | |
| Address | 90 Sunrise Blvd. Jefferson Twp., PA 18436 | |
| SSN: | xxx-xx-8943 | |
| | Michelle Beckhorn, | |
| | Movant, | |
| | Jack Zaharopoulos, Trustee | |
| | Respondent | |

### Debtor's Motion to Order Trustee to Abandon Property

1. Debtor filed this Chapter 13 case in April, 2021.

2. In August, 2021, her proposed Chapter 13 plan (Doc. 9) was confirmed. Upon confirmation, the property of the estate listed in her schedules vested back in the debtor. (See Plan, § 9.A.1.)

3. Thereafter, on October 22, 2021, she filed an amendment to Schedule A/B and Schedule C (Doc. 33) in which she disclosed two claims for violations of the FDCPA ("the FDCPA Claims"). She estimated the value of the FDCPA Claims at $2,000.00.

4. The FDCPA Claims are against Nationwide Credit, Inc. and Portfolio Recovery Associates, LLC. The claims were erroneously omitted from the original schedules and arise out of collection letters that were mailed to the debtor pre-petition.

5.      Therefore, because the claims were not listed before confirmation, there is a possibility that the plan provision revesting property upon confirmation does not apply to the FDCPA Claims. The claims may remain property of the estate.

6.      Debtor does not assert that she has a claim for any *actual* damages, and instead intends to seek a recovery of only statutory damages. The maximum award of statutory damages that she can receive for each claim is $1,000.00. (See 15 U.S.C. § 1692k(a)(2)(A).) She can also receive the costs of the action together with a reasonable attorney's fee. (See 15 U.S.C. § 1692k(a)(3).)

7.      The Debtor has exempted the FDCPA Claims. See Doc. 33.

8.      The FDCPA Claims are of inconsequential value and benefit to the estate.

9.      The Court may order the trustee to abandon such property. See 11 U.S.C. § 554(b).

10.     If abandoned, the debtor will have absolute ownership and control of the FDCPA claims.

11.     This motion and notice of the motion are being contemporaneously served upon all parties-in-interest pursuant to Fed. R. Bank. P. 6007(b).

WHEREFORE, Debtor respectfully asks the Court to order the trustee to abandon the FDCPA Claims.

Date: October 25, 2021                          /s/ Carlo Sabatini
                                                Carlo Sabatini, Attorney for Debtor
                                                Bar Number PA 83831
                                                Sabatini Freeman, LLC
                                                216 N. Blakely St.
                                                Dunmore, PA 18512
                                                Phone (570) 341-9000
                                                Facsimile (570) 504-2769
                                                Email ecf@bankruptcypa.com