# Exhibit B

(Cole Motion to Abandon)

# United States Bankruptcy Court
# Middle District of Pennsylvania

| | | |
|---|---|---|
| In re | Theresa Olszewski Cole, Theresa Cole, Theresa O. Cole, | Case No. 5:21-bk-01163-MJC |
| | Debtor | Chapter 13 |
| Address | 3220 Greenbriar Dr<br>East Stroudsburg, PA 18301 | |
| SSN: | xxx-xx-1926 | |
| | Theresa Cole, | |
| | Movant, | |
| | Jack Zaharopoulos, Trustee | |
| | Respondent | |

## Debtor's Motion to Order Trustee to Abandon Property

1. Debtor filed this Chapter 13 case in May, 2021.

2. She contemporaneously filed a Schedule A/B disclosing claims against various debt collectors for violations of the Fair Debt Collections Practices Act ("FDCPA"). The claims were listed with an aggregate value of $3,003.00.

3. In September, 2021, her proposed Chapter 13 plan (Doc. 23) was confirmed. Upon confirmation, the FDCPA claims that were listed in her schedules vested back in the debtor. (See Plan, § 9.A.) She now has absolute ownership and control of those claims and the right to liquidate them without the approval of the bankruptcy court. (See Plan, § 9.B.)

4. Thereafter, on September 28, 2021, she filed an amendment to Schedule A/B (Doc. 30) in which she disclosed two additional claims for violations of the FDCPA ("the

Additional FDCPA Claims"). She estimated the value of the Additional FDCPA Claims at $2,000.00.

5. The Additional FDCPA Claims are against Midland Credit Management, Inc. and Credit Control, LLC. The claims were erroneously omitted from the original schedules and arise out of collection letters that were mailed to the debtor pre-petition.

6. Therefore, because the claims were not listed before confirmation, there is a possibility that the plan provision revesting property upon confirmation does not apply to the Additional FDCPA Claims. The claims may remain property of the estate.

7. Debtor does not assert that she has a claim for any *actual* damages, and instead intends to seek a recovery of only statutory damages. The maximum award of statutory damages that she can receive for each claim is $1,000.00. (See 15 U.S.C. § 1692k(a)(2)(A).) She can also receive the costs of the action together with a reasonable attorney's fee. (See 15 U.S.C. § 1692k(a)(3).)

8. The Debtor has exempted the Additional FDCPA Claims. See Doc. 31.

9. The Additional FDCPA Claims are of inconsequential value and benefit to the estate.

10. The Court may order the trustee to abandon such property. See 11 U.S.C. § 554(b).

11. If abandoned, the Additional FDCPA Claims will have the same status as the three substantively identical FDCPA claims that were initially scheduled, i.e., the debtor will have absolute ownership and control of the claims and the right to liquidate them without the approval of the bankruptcy court.

12. This motion and notice of the motion are being contemporaneously served upon all parties-in-interest pursuant to Fed. R. Bank. P. 6007(b).

WHEREFORE, Debtor respectfully asks the Court to order the trustee to abandon the Additional FDCPA Claims.


Date: October 25, 2021 /s/ Carlo Sabatini
Carlo Sabatini, Attorney for Debtor
Bar Number PA 83831
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com