# Exhibit C

(Badyrka Motion to Abandon)

Exhibit C

# United States Bankruptcy Court
# Middle District of Pennsylvania

| | |
|---|---|
| In re    Michael Peter Badyrka; aka Michael P. Badyrka, <br><br> Debtor <br><br> Address   64 Center Street <br>            Pittston, PA 18640 <br> SSN:     xxx-xx-2382 <br><br> Michael Peter Badyrka, <br><br> Movant, <br><br> Jack Zaharopoulos, Trustee <br><br> Respondent | Case No. 5:20-bk-03618-MJC <br><br> Chapter 13 |

## Debtor's Motion to Order Trustee to Abandon Property

1. Debtor filed this Chapter 13 case in December, 2020.

2. He contemporaneously filed a Schedule A/B disclosing a claim against Enhanced Recovery Company, LLC for violations of the Fair Debt Collections Practices Act ("FDCPA"). The claim was listed with an aggregate value of $1,001.00.

3. In June, 2021, his proposed Chapter 13 plan (Doc. 35) was confirmed. Upon confirmation, the FDCPA claim that was listed in his schedules vested back in Debtor. (See Plan, § 9.B.) He now has absolute ownership and control of that claim and the right to liquidate it without the approval of the bankruptcy court. (See Plan, § 9.B.)

4. Thereafter, on July 29, 2021, he filed an amendment to Schedule A/B (Doc. 46) in which he disclosed four additional claims for violations of the FDCPA ("the Additional FDCPA Claims"). He estimated the value of the Additional FDCPA Claims at $4,000.00.

5. The Additional FDCPA Claims are against Radius Global Solutions, LLC, Revco Solutions, Midland Credit Management, Inc., and Enhanced Recovery Company, LLC d/b/a ERC. The claims were erroneously omitted from the original schedules and arise out of collection letters that were mailed to Debtor pre-petition.

6. Therefore, because the claims were not listed before confirmation, there is a possibility that the plan provision revesting property upon confirmation does not apply to the Additional FDCPA Claims. The claims may remain property of the estate.

7. Debtor does not assert that he has a claim for any *actual* damages, and instead intends to seek a recovery of only statutory damages. The maximum award of statutory damages that he can receive for each claim is $1,000.00. (See 15 U.S.C. § 1692k(a)(2)(A).) He can also receive the costs of the action together with a reasonable attorney's fee. (See 15 U.S.C. § 1692k(a)(3).)

8. Debtor has exempted the Additional FDCPA Claims. See Doc. 46.

9. The Additional FDCPA Claims are of inconsequential value and benefit to the estate.

10. The Court may order the trustee to abandon such property. See 11 U.S.C. § 554(b).

11. If abandoned, the Additional FDCPA Claims will have the same status as the substantively identical FDCPA claim that was initially scheduled, i.e., Debtor will have absolute ownership and control of the FDCPA claims.

12. This motion and notice of the motion are being contemporaneously served upon all parties-in-interest pursuant to Fed. R. Bank. P. 6007(b).

WHEREFORE, Debtor respectfully asks the Court to order the trustee to abandon the Additional FDCPA Claims.

Date: November 19, 2021

/s/ Carlo Sabatini
Carlo Sabatini, Attorney for Debtor
Bar Number PA 83831
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com