# Exhibit D

(Strauss Motion to Abandon)

# United States Bankruptcy Court
# Middle District of Pennsylvania

| | | |
|---|---|---|
| In re | Amy Marie Strauss; aka Amy M. Strauss,<br>      Debtor | Case No. 5:21-bk-00995-MJC<br><br>Chapter 13 |
| Address | 650 Cortez Road<br>Jefferson Twp., PA 18436 | |
| SSN: | xxx-xx-7005 | |
| | Amy Marie Strauss,<br>      Movant, | |
| | Jack Zaharopoulos, Trustee<br>      Respondent | |

## Debtor's Motion to Order Trustee to Abandon Property

1. Debtor filed this Chapter 13 case in April, 2021.

2. Debtor contemporaneously filed a Schedule A/B disclosing claims against two debt collectors ("the FDCPA Claims") for violations of the Fair Debt Collections Practices Act. The FDCPA Claims are against Frontline Asset Strategies, LLC and LVNV Funding, LLC and were listed with an aggregate value of $2,002.00. The FDCPA claims were claimed as exempt on Schedule C.

3. Thereafter, on May 11, 2021, Debtor filed an amendment to Schedule A/B (Doc. 16) in which she disclosed additional claims for violations of the FDCPA ("the Additional FDCPA Claims"). When the Additional FDCPA Claims were disclosed, Debtor listed the value of those claims as unknown. The Additional FDCPA Claims are now believed to have a value of $3,003.00. An amended Schedule A/B is being contemporaneously filed to reflect this updated value.

4. The Additional FDCPA Claims are against LVNV Funding, LLC, Resurgent Capital, LP, and Patenaude & Felix, A.P.C. and arise out of violations of the FDCPA that occurred after the filing of the bankruptcy petition.

5. Debtor does not assert that she has a claim for any *actual* damages, and instead intends to seek a recovery of only statutory damages. The maximum award of statutory damages that she can receive for each claim is $1,000.00. (See 15 U.S.C. § 1692k(a)(2)(A).) She can also receive the costs of the action together with a reasonable attorney's fee. (See 15 U.S.C. § 1692k(a)(3).)

6. The Debtor has asserted that the FDCPA Claims and the Additional FDCPA claims are fully exempt. (See Docs. 1 and 16.)

7. All of the claims are of inconsequential value and benefit to the estate.

8. The Court may order the trustee to abandon such property.

9. If abandoned, Debtor will have absolute ownership and control of all of the claims and the right to liquidate them without the approval of the bankruptcy court.

10. This motion and notice of the motion are being contemporaneously served upon all parties-in-interest pursuant to Fed. R. Bank. P. 6007(b).

WHEREFORE, Debtor respectfully requests an order that the trustee abandon the claims.

Date: January 13, 2022
/s/ Carlo Sabatini
Carlo Sabatini, Attorney for Debtor
Bar Number PA 83831
Sabatini Freeman, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com