# Exhibit F

(Brief in Support of Preliminary Objections)

IN THE COURT OF COMMON PLEAS OF LACKAWANNA COUNTY, PENNSYLVANIA

| | |
|---|---|
| MELISSA MARTIN, | CIVIL ACTION |
| Plaintiff, | Case No.: 25-CV-4073 |
| v. | |
| FREEDOM MORTGAGE CORPORATION, | |
| Defendant. | |

## BRIEF IN SUPPORT OF FREEDOM MORTGAGE CORPORATION'S PRELIMINARY OBJECTIONS TO COMPLAINT

Defendant Freedom Mortgage Corporation ("Freedom"), by and through its undersigned counsel, files this Brief in Support of Preliminary Objections to the Complaint filed by Plaintiff Melissa Martin ("Plaintiff") pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(4).

### I. INTRODUCTION

This case arises from a written request from Plaintiff to Freedom concerning the imposition of certain attorneys' fees and Bankruptcy charges outlined in Freedom's Notice of Post Petition Fees in Plaintiff's Chapter 13 Bankruptcy. Instead of objecting to the fees charged during the Bankruptcy as outlined in the Bankruptcy Rules of Federal Procedure, Plaintiff's counsel sent the letter to Freedom in an effort to create recoverable fees. Plaintiff alleges Freedom violated the Real Estate Settlement Procedures Act ("RESPA") and the Truth in Lending Act ("TILA") by failing to respond to certain requests. Each of Plaintiff's claims fails as a matter of law because Plaintiff fails to allege either actual or statutory damages causally connected to the alleged violations and because Freedom sent its responses within a reasonable time.

2

## II. FACTUAL AND PROCEDURAL BACKGROUND

On April 21, 2017, Plaintiff, Melissa Martin ("Plaintiff"), executed a Note and Mortgage in favor of PS Bank (the "Loan"). Compl. ¶ 6. The Loan was later assigned to Freedom. Compl. ¶ 7.

On May 23, 2024, Plaintiff filed a voluntary Chapter 13 Bankruptcy in the Middle District of Pennsylvania, Case No. 5:24-bk-01277-MJC. A true and correct copy of the Bankruptcy docket is attached hereto as **Exhibit 1** and incorporated herein by reference. During the pendency of the Bankruptcy, Freedom asserted an interest as a secured creditor by filing a proof of claim on July 29, 2024. *See* **Exhibit 2**. On October 21, 2024, Freedom filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges (the "Notice") in the Bankruptcy evidencing attorney's fees and bankruptcy fees incurred after the petition was filed. **Ex. 2**. To date, Plaintiff has not objected to the Notice. **Ex. 1**. Instead, on January 30, 2025, Plaintiff filed the first amendment to her Bankruptcy Schedule A/B, which added a claim against Freedom for alleged violations of RESPA, TILA, and Regulation Z. *See* **Exhibit 3**. Plaintiff stated "Debtor could recover statutory damages up to $6,000, plus costs and attorney's fees." *Id.*

On October 29, 2024, Plaintiff's counsel sent a letter ("First Request") to Freedom requesting information about the fees addressed in the Notice of Postpetition Mortgage Fees. Compl. ¶ 19; Exhibit A to the Complaint. Plaintiff alleges Freedom received the First Request on November 5, 2024. Compl. ¶ 20. The First Request sought information specifically concerning fees incurred during the Bankruptcy identified in the Notice, a payoff, and the name and address of the owner of the loan. *See* Exhibit A to the Complaint. Freedom issued its response on November 20, 2024. *See* Compl. ¶ 21; Exhibit B to the Complaint. Freedom issued another response on December 21, 2024, providing even more information responsive to the First Request. Exhibit C to the Complaint.

3

On February 14, 2025, Plaintiff filed a Motion to Order Trustee to Abandon Property ("Motion"), including claims against Freedom for "violating consumer protection statutes" Plaintiff had identified in her amended schedules. A true and correct copy of the Motion is attached hereto as **Exhibit 4** and incorporated herein by reference.

The Motion expressly states the Trustee should abandon the claims because debtor "does not assert that she has any claim for any actual damages, and instead intends to seek only statutory damages." *See* **Ex. 4**. Based on Plaintiff's representations in her schedule, which is signed under penalty of perjury and the Motion, the Bankruptcy Court granted the Motion.[1] A true and correct copy of the Order is attached hereto as **Exhibit 5** and incorporated herein by reference.

On March 20, 2025, Plaintiff's counsel sent a second letter to Freedom. Compl. ¶ 26. There are no other allegations concerning the second letter and it does not appear to be the basis of any claims. The second letter only requested information related to the Notice of Postpetition Mortgage Fees. Exhibit D to the Complaint. It did not renew the request for the name and address of the owner of the loan. Exhibit D to the Complaint.

Plaintiff then filed the instant civil action in the Court of Common Pleas, Lackawanna County, titled, *Melissa Martin v. Freedom Mortgage Corporation*, Case No. 25-CV-4073 (the "Litigation"). Plaintiff alleges two causes of action against Freedom for violation of the RESPA and violation of TILA based on Freedom's alleged failure to provide the information requested in the First Request. Compl. ¶¶ 29-53.

---

[1] Following entry of the Order for Abandonment, Plaintiff has amended her schedules two more times concerning the claims against Freedom. [Bankruptcy Dkt. 38 and Dkt. 51]. Plaintiff also filed a subsequent Motion to Confirm Abandonment [Bankruptcy Dkt. 43], which was denied. [Bankruptcy Dkt. 53]. The Bankruptcy Court specifically stated it would not allow Plaintiff to change the record in terms of her representation to the Bankruptcy Court that she has suffered no actual damages.

## III. QUESTIONS INVOLVED

A. Whether Plaintiff has sufficiently alleged either statutory or actual damages under RESPA to state a claim?

**Suggested Answer: No.**

B. Whether Plaintiff has sufficiently alleged that Freedom's response to the payoff request was not sent within a reasonable time given the pending Bankruptcy?

**Suggested Answer: No.**

## IV. ARGUMENT

### A. Standard of Review

#### 1. Rule 1028(a)(4)

Freedom files these Preliminary Objections pursuant to Pennsylvania Rule of Civil Procedure 1028(a)(4), which provide that "[p]reliminary objections may be filed by any party to any pleading [for]... legal insufficiency of a pleading." Pa.R.C.P. §1028(a)(4).

The standard of review for preliminary objections in this Commonwealth is well settled. Preliminary objections are properly granted only when, "based on the facts pleaded, it is clear and free from doubt that the complainant will be unable to prove facts legally sufficient to establish a right to relief." *Mazur v. Trinity Area Sch. Dist.*, 961 A.2d 96, 101 (Pa. 2008) (internal citations omitted). In considering preliminary objections, "all well-pleaded allegations and material facts averred in the complaint, as well as all reasonable inferences deducible therefrom, must be accepted as true." *Wurth by Wurth v. City of Philadelphia*, 584 A.2d 403, 407 (Pa. Cmwlth. 1990). However, no similar requirement exists for conclusions of law, and a complaint's legal conclusions or mere averments of law should not be accepted as true. *Santiago v. Pa. Nat'l Mut. Cas. Ins. Co.*, 613 A.2d 1235, 1238-39 (Pa. Super. 1992). Additionally, "it is well-settled that a court may rely

5

on documents forming in part the foundation of the suit even where a plaintiff does not attach such documents to its complaint...." *Conrad v. Pittsburgh*, 218 A.2d 906, 907 n. 3 (Pa. 1966); *Detweiler v. School Dist. Of Hatfield*, 104 A.2d 110 (Pa. 1954); *see also St. Peter's Roman Catholic Parish v. Urban Redevelopment Authority of Pittsburgh*, 146 A.2d 724 (Pa. 1958).

### 2. Judicial Notice

Pennsylvania Rule of Civil Procedure 201 permits judicial notice of adjudicative facts including a fact "not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Pa.R.C.P. 201(b). Although a general rule against taking judicial notice exists when considering preliminary objections in the nature of a demurrer, "it is appropriate for a court to take notice of a fact which the parties have admitted...." *D'Happart v. First Commonwealth Bank*, 282 A.3d 704, 716 (Pa. Super. Ct. 2022) (internal citations omitted) (finding that the trial court appropriately took notice of appellants' bankruptcy petition and discharge order where appellants 'voluntarily filed their verified bankruptcy petition and have admitted each fact contained therein.'). Indeed, this Court may take judicial notice of Plaintiff's prior filings and representations in the Bankruptcy as Plaintiff's admissions of fact. *See id.*

### B. Plaintiff fails to allege cognizable damages under RESPA.

In order to plead a RESPA claim, Plaintiff must allege "(1) the submission of a qualified written request by a borrower to a loan servicer; (2) a failure by the loan servicer to timely respond;

6

and (3) damages." *Hawk v. Carrington Mortg. Servs., LLC*, No. 3:14-1044, 2016 U.S. Dist. LEXIS 87532, at *12 (M.D. Pa. June 29, 2016).[2]

Plaintiff alleges the letter sent to Freedom on October 29, 2025 was a Qualified Written Request. Compl. ¶ 39. Freedom allegedly failed to (1) timely provide the name and address of the owner of the Loan and (2) failed to timely provide "other servicing- related information" that was asked for in the First Request. Compl. ¶¶ 43, 45. Plaintiff alleges Freedom's conduct was willful and establishes a pattern or practice of noncompliance with RESPA to warrant statutory damages. Compl. ¶ 47. Plaintiff alleges Freedom's failure to provide the information asked for in the First Request caused Plaintiff to incur attorney's fees "in attempting to obtain the information from Defendant." Compl. ¶ 49. There are no other allegations concerning damages, however, Plaintiff requests a judgment of actual damages, statutory damages, costs, and attorney's fees. Compl. WHEREFORE paragraph. Plaintiff fails to allege damages, either actual or statutory, as required to state a RESPA claim.

### 1. Plaintiff disclaimed actual damages in the Bankruptcy Case.

"Alleging a breach of RESPA duties alone does not state a claim under RESPA. Plaintiffs must, at a minimum, also allege that the breach resulted in actual damages."[3] *Hutchinson v. Delaware Sav. Bank FSB*, 410 F.Supp.2d 374, 383 (D.N.J. 2006). In order to plead actual damages in the Complaint, "the borrower has the responsibility to present specific evidence to establish a causal link between the financing institution's violation and their injuries." *Giordano v. MGC Mortg., Inc.*, 160 F. Supp. 3d 778, 781 (D.N.J. 2016). "When a plaintiff fails to plead or prove a direct causal connection between the RESPA violation and some specific and identifiable

---

[2] Unlike the federal courts' notice pleading standard, Pennsylvania has the heightened standard of fact-pleading state, and a complaint must give a defendant both notice of the plaintiff's claim and the facts essential to support the claim. Smith v. Browning, 423 A.2d 743, 745 (1980).

7

damages, the loan servicer is entitled to judgment as a matter of law in its favor." *Hawk*, 2016 U.S. Dist. LEXIS 87532, at *12.

Plaintiff has admitted, on multiple occasions and under oath and subject to penalty of perjury, to the Bankruptcy Court that she has not incur actual damages. [Bankruptcy Dkt. 32, Pg. 4; Dkt. 33, Pg. 1; Dkt. 38, Pg. 4]. She further represented to the Bankruptcy Trustee that she "does not assert that she has any claim for any actual damages, and instead intends to seek only statutory damages." *See* Ex. 4. Based on these representations to the Bankruptcy Court, Plaintiff has admitted she does not have any actual damages and she cannot recover under the RESPA claim. Plaintiff's representation in the Bankruptcy is "irreconcilably inconsistent" with the position taken in this case. *Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. GMC*, 337 F.3d 314, 319 (3d Cir. 2003) (citing *In re Chambers Development Co., Inc.*, 148 F.3d 214 (3rd Cir. 1998) (finding the principal of judicial estoppel applied to prohibit plaintiff from taking an inconsistent position in one matter to gain an advantage in another)). Plaintiff told the Bankruptcy Court she experienced no actual damages to persuade the Court to abandon the claim. As a result, there can be no RESPA claim where Plaintiff did not experience and does not allege any actual damages caused by the alleged RESPA violation.

### 2. Plaintiff fails to plead actual damages.

Even if the Court allows Plaintiff to make an inconsistent representation to this Court about whether she incurred actual damages, Plaintiff still has not alleged any actual damages in the Complaint. Plaintiff's only allegation that could reasonably read to be an attempt to plead actual damages is that "Defendant's refusal to provide the information asked for in the First Request has caused Plaintiff to incur attorney's fees in attempting to obtain the information from the Defendant." Compl. ¶ 49. Under RESPA, an allegation of attorney's fees is simply not enough.

#### i. Attorney's Fees are not actual damages.

8

Courts have found that attorney's fees are not actual damages sufficient to state a cognizable claim. *Giordano v. MGC Mortg., Inc.*, 160 F. Supp. 3d at 783 ("many courts have found such costs insufficient to satisfy the actual damages pre-requisite to suit"); *Crist v. Cenlar FSB*, Civil Action No. 23-3448 (MAS) (TJB), 2025 U.S. Dist. LEXIS 13112, at *8 (D.N.J. Jan. 23, 2025). This is because attorney's fees are a separate category of damages awardable only after there has been a showing of actual damages. *Id.*; *see also McCauslin v. Reliance Fin. Co.*, 751 A.2d 683, 686 (Pa. Super. Ct. 2000). As a result, hiring an attorney to file a lawsuit and incurring litigation expenses are not actual damages. *Giordano v. MGC Mortg., Inc.*, 160 F. Supp. 3d at 783; *Neilson v. Shapiro*, No. 19-cv-2808, 2020 U.S. Dist. LEXIS 269312, at *12 (E.D. Pa. Sep. 29, 2020) (finding allegation of litigation expenses insufficient to suffice as actual damages). Further, Courts are clear that costs incurred in preparation of the first QWR/RFI are not actual damages under RESPA. *Block v. Seneca Mortg. Servicing*, 221 F. Supp. 3d 559, 592 (D.N.J. 2016). Instead, the only cognizable damages must flow "as a result of the failure" to comply with duties imposed under RESPA. *Id.*

Plaintiff's single allegation of damages does not sufficiently allege attorney's fees that would fit within the narrow scope of those permitted as actual damages.

        **ii.**    **Plaintiff did not incur damages related to the request for the name and address of the owner of the Loan.**

Assuming again the Court reads the Complaint generously, Plaintiff fails to allege she incurred any damages related to the request for the name and address of the owner of the Loan.

As stated above, Plaintiff must allege and have experienced actual damages causally linked to the violation. *Giordano v. MGC Mortg., Inc.*, 160 F. Supp. 3d at 783. Plaintiff has not alleged any damages causally linked to Freedom's alleged failure to provide the name and address of the owner of the loan in response to the First Request and Plaintiff did not take any steps, other than

9

Case 5:24-bk-01277-MJC    Doc 64-6    Filed 12/17/25    Entered 12/17/25 19:57:18    Desc
Exhibit F - Brief in Support of Preliminary Objections    Page 9 of 14

the first RESPA letter, to obtain the information that could possibly be viewed as actual damages. *Booker v. Cent. Loan Admin. & Reporting*, No. 24-670 (RMB-EAP), 2024 U.S. Dist. LEXIS 209825, at *11 (D.N.J. Nov. 19, 2024) ("Plaintiff must plead what expenses she actually incurred related to specific regulatory violations"). As evidenced by Plaintiff's letters attached to the Complaint, while the October 29, 2024, letter requests the name and address of the owner of the loan, no subsequent correspondence from Plaintiff or counsel mentions the request. Indeed, the letter of March 20, 2025, focuses solely on the other requests contained in the letter of October 29, 2024. Plaintiff makes absolutely no allegations that she incurred any damages whatsoever from Freedom's alleged failure to provide the name and address of the owner of the loan. As a result, it is simply impossible Plaintiff incurred any damages related to the request and none have been alleged.

### 3. Plaintiff fails to plead statutory damages.

Plaintiff's claim of statutory damages fails because (i) the two letters she sent are insufficient to establish a pattern or practice of noncompliance and (ii) her allegation concerning "other borrowers" is too conclusory and vague to withstand dismissal.

#### i. Plaintiff's letters cannot be the basis for a pattern or practice of noncompliance.

"For statutory damages for non-compliance of RESPA, the plaintiff must establish a pattern of practice or practice of non-compliance of § 2605." *Davis v. Deutsche Bank Nat'l Tr. Co.*, No. 16-5382, 2017 U.S. Dist. LEXIS 203886, at *21 (E.D. Pa. Dec. 12, 2017) (citing *Gorbaty v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 55284, at *19 (E.D.N.Y. 2012)). To establish such a pattern of practice, "the plaintiff must show that the alleged violations were the standard or routine way of operating for the allegedly non-compliant loan servicer." *Id.* (citing *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009)). Courts considering pattern

10

Case 5:24-bk-01277-MJC    Doc 64-6    Filed 12/17/25    Entered 12/17/25 19:57:18    Desc
Exhibit F - Brief in Support of Preliminary Objections    Page 10 of 14

and practice allegations have found two QWRs are not enough to state a claim for pattern and practice. *Kapsis v. Am. Home Mortg. Servicing Inc.*, 923 F. Supp. 2d 430, 445 (E.D.N.Y. 2013) ("Though there is no magic number of violations that create a 'pattern or practice of noncompliance,' courts have held that two violations of RESPA are insufficient to support a claim for statutory damages."); *Gorbaty v. Wells Fargo Bank, N.A.*, 2012 U.S. Dist. LEXIS 55284, at *19 (E.D.N.Y. 2012) (failure to respond to two letters was not sufficient to establish a pattern or practice resulting in dismissal); *Davis v. Deutsche Bank Nat'l Tr. Co.*, No. 16-5382, 2017 U.S. Dist. LEXIS 203886, at *22 (E.D. Pa. Dec. 12, 2017) (failure to respond to 4 letters was insufficient to state a claim).

Plaintiff cannot state a RESPA claim for statutory damages since she only alleges she sent two letters. *Davis*, 2017 U.S. Dist. LEXIS 203886, at *22; *Gorbaty*, 2012 U.S. Dist. LEXIS 55284, at *19; *Kapsis*, 923 F. Supp. 2d at 445. As in *Gorbaty* and *Kapsis*, this Court should find that two violations "does not qualify as a 'standard or routine way of operating.'" *Gorbaty*, 2012 U.S. Dist. LEXIS 55284, at *19 (citing *McLean v. GMAC Mortg. Corp.*, 595 F. Supp. 2d 1360, 1365 (S.D. Fla. 2009) (finding two violations of RESPA were insufficient to support claim for statutory damages). Because two letters are insufficient to establish a pattern or practice, the claim for statutory damages fails as a matter of law.

### ii. Plaintiff's allegations are insufficient to support a pattern or practice of noncompliance.

Further, Plaintiff's only other allegation that could reasonably read as an attempt to allege a pattern or practice of noncompliance is in paragraph 48, which states: "Defendant's handling of mail received from other borrowers establishes a pattern or practice of noncompliance." Compl. ¶ 48. This allegation is conclusory and unsupported by a single fact.

11

In a similar case decided in the Eastern District of Pennsylvania, the Court dismissed plaintiff's claim for statutory damages under RESPA because plaintiff's allegation was insufficient. *Davis v. Deutsche Bank Nat'l Tr. Co.*, No. 16-5382, 2017 U.S. Dist. LEXIS 203886, at *22 (E.D. Pa. Dec. 12, 2017). In *Davis*, the plaintiff alleged the servicer "has a pattern and practice of violating RESPA with other customers." *Id.* The Court found this allegation insufficient because plaintiff did not offer any information or other factual averments to support the allegation concerning the "other customers." *Id.* The Court determined it had no way to discern whether the alleged violations with the "other customers" could support a pattern or practice. *Id.* The allegations in this case are similarly vague and provide no factual support. Here, Plaintiff has only alleged Freedom's "handling of mail" establishes a pattern or practice. Compl. ¶ 48. This allegation, like in *Davis*, is conclusory and does not identify the customers, circumstances, or even whether the mailings constituted QWRs such that RESPA would be applicable. As in *Davis*, Plaintiff has failed to plead facts sufficient to state a statutory RESPA claim.

Without alleging either actual or statutory damages, Plaintiff fails to plead the essential elements of her claim, damages. As a result, dismissal under Rule 12(b)(6) is appropriate.

### C. Plaintiff fails to allege a TILA claim.

Plaintiff alleges Freedom failed to send a timely payoff request. Compl. ¶ 52. Plaintiff seeks statutory damages of $4,000 and attorney's fees.

When a loan is in bankruptcy, TILA's implementing regulations, also known as Regulation Z, further provides, "[w]hen a creditor, assignee, or servicer, as applicable, is not able to provide the statement within seven business days of such a request because a loan is in bankruptcy or foreclosure, because the loan is a reverse mortgage or shared appreciation mortgage, or because of natural disasters or other similar circumstances, **the payoff statement**

12

**must be provided within a reasonable time."** 12 C.F.R. § 1026.36(c)(3) (emphasis provided). This provision specifically provides a carve out for loans in bankruptcy. *Id.* Though very few courts have had the opportunity to interpret this provision for loans in bankruptcy or foreclosure, at least two courts have found the plain language of the regulation provides an exception to loans in Bankruptcy. *Larkins v. Fifth Third Mortg. Co.*, 376 F. Supp. 3d 784, 792 (S.D. Ohio 2019). In *Larkins*, the Court granted summary judgment to Fifth Third after finding the issuance of a payoff after eleven days was reasonable because the plaintiff was in foreclosure, the payoff statement only needed to be sent "within a reasonable time." *Id.* Similarly in *Langdon v. Wells Fargo, N.A.*, the court found Wells Fargo was not required to send the payoff within seven days where the loan was already in foreclosure. *Langdon v. Wells Fargo, N.A.*, No. 1:14-cv168-LJO-GSA, 2014 U.S. Dist. LEXIS 56026, at *8 (E.D. Cal. Apr. 22, 2014). In dismissing the TILA claim, the Court found Wells Fargo was only required to send the payoff within a "reasonable time" and plaintiff failed to allege six months was unreasonable. *Id; see also Anderson v. Wells Fargo Home Mortg.*, No. 2:16-CV-01783 LEK, 2017 U.S. Dist. LEXIS 154639, at *22 n.8 (E.D. Cal. Sep. 20, 2017).

In this case, Plaintiff merely alleges Freedom did not send the payoff within seven days. Compl. ¶ 52. However, as evidenced by the Exhibits attached to the Complaint and the public Bankruptcy record, Plaintiff was in bankruptcy at the time the request for payoff was issued. *See* Exhibit A to the Complaint. As a result, Freedom was not required to send the payoff within seven days, but was only required to send it "within a reasonable time." *Larkins*, 376 F. Supp. 3d at 792. Freedom did send the payoff on November 20, 2024 – eleven business days after it received the request. Compl. ¶ 51. There are no allegations eleven days was unreasonable and based on both *Larkins* and *Langdon*, eleven days was reasonable as a matter of law. Thus, this Court should dismiss Plaintiff's TILA claim with prejudice.

Case 5:24-bk-01277-MJC    Doc 64-6    Filed 12/17/25    Entered 12/17/25 19:57:18    Desc
Exhibit F - Brief in Support of Preliminary Objections    Page 13 of 14

## V. CONCLUSION

For the foregoing reasons, Freedom requests this Court sustain its Preliminary Objections and dismiss Plaintiff's Complaint with prejudice.

Respectfully Submitted,

Dated: September 23, 2025

/s/ Sarah M. Hillman
Sarah M. Hillman, Esq.
Pa. I.D. No. 330305
**DINSMORE & SHOHL LLP**
1300 Six PPG Place
Pittsburgh, PA 15222
412.281.5000 (t)
412.281.5055 (f)
Sarah.hillman@dinsmore.com

*Counsel for Defendant Freedom Mortgage Corporation*

14

Case 5:24-bk-01277-MJC    Doc 64-6    Filed 12/17/25    Entered 12/17/25 19:57:18    Desc
Exhibit F - Brief in Support of Preliminary Objections    Page 14 of 14