# Exhibit G

(Lackawanna County Court of Common Pleas Complaint)

Melissa Martin,
110 Lower Powderly St.
Carbondale, PA 18407

Plaintiff

v.

Freedom Mortgage Corporation,
30 Lake Center
401 Route 73, Suite 110
Marlton, NJ 08053

Defendant

Court of Common Pleas of Lackawanna
County – Civil Action

Case No. 25-CV-4073

Jury Trial Demanded

## NOTICE

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claim set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER. IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED RATE OR NO FEE.

Northeastern Pennsylvania Legal Services
33 North Main Street, Suite 200
Pittston, PA 18640
Telephone (570) 299-4100

Melissa Martin,

                Plaintiff

v.

Freedom Mortgage Corporation,

                Defendant

Court of Common Pleas of Lackawanna County – Civil Action

Case No. 25-CV-4073

Jury Trial Demanded

## COMPLAINT

### I.     INTRODUCTION

1.      This is an action for damages brought by an individual consumer for violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq.* ("RESPA") and the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"). RESPA and TILA permit borrowers to send written requests to mortgage servicers for certain types of information. Here, Plaintiff sent such requests, but Defendant refused to appropriately respond.

2.      Plaintiff filed an action before the Honorable Sean McGraw, seeking statutory damages and attorney's fees for Defendant's failure to comply with these statutes. Defendant did not appear, and a default judgment was entered.

3.      Defendant has appealed from that judgment, and Plaintiff now files this complaint in support of her claims.

### II.     PARTIES

4.      Plaintiff is a natural person residing in a house located at 110 Lower Powderly St., Carbondale, PA 18407. The property situated at this address shall hereinafter be referred to as "Residence."

5.      Defendant is a corporation engaged in the business of servicing federally related mortgage loans in this state and has an address of 30 Lake Center, 401 Route 73, Suite 110, Marlton, NJ 08053.

6.     In 2017, Plaintiff executed a loan agreement (hereinafter "the Loan") and a mortgage (hereinafter "Mortgage") in favor of PS Bank.

7.     The Loan and the Mortgage were subsequently assigned to Defendant.

8.     Defendant is the person to whom the Loan is payable.

9.     Defendant is responsible for receiving scheduled periodic payments with respect to the Loan.

10.    Defendant is responsible for making payments of principal and interest with respect to the amounts received from the borrower as may be required by the terms of the Loan.

11.    Defendant regularly extends consumer credit that is payable in more than four installments.

12.    Defendant regularly extends credit for which the payment of a finance charge is required.

13.    Defendant has originated one or more mortgages through a mortgage broker. The allegation in this paragraph is likely to have evidentiary support after an opportunity for discovery.

14.    Defendant is a "creditor" as that term is defined in 15 U.S.C. § 1602(g).

15.    With respect to the Loan, Defendant is the "creditor" as that term is defined in 15 U.S.C. § 1602(g).

16.    Defendant is responsible for "servicing" the Loan, as that term is defined in 12 U.S.C. § 2605(i)(3).

17.    With respect to the Loan, Defendant is the "servicer" as that term is defined in 12 U.S.C. § 2605(i)(2).

2

18.     Plaintiff is a "person" as that term is defined in 15 U.S.C. § 1602(e).

19.     On October 29, 2024, Plaintiff, through counsel, sent a letter to Defendant requesting certain information concerning Plaintiff's loan. A copy of that letter ("the First Request") is attached as Exhibit A.

20.     Defendant received the First Request on November 5, 2024.

21.     Defendant replied with a letter dated November 20, 2024 ("the First Reply").

22.     A complete copy of the First Reply is attached as Exhibit B, except that Exhibit B omits 29 pages of mortgages and the accompanying notes that were part of the First Reply.

23.     Defendant also sent a second letter dated December 21, 2024 ("the Second Reply").

24.     A complete copy of the Second Reply is attached as Exhibit C, except that Exhibit C omits three attachments that were part of the Second Reply: a 10-page "Welcome Letter", a 41-page copy of the First Reply, and the last 28 pages of a 30-page appraisal.

25.     Defendant's two replies did not provide the information that had been asked for in the First Request.

26.     Therefore, Plaintiff sent a second letter ("the Second Letter") seeking exactly the same information that had been asked for in the First Request.

27.     A copy of the Second Letter is attached as Exhibit D.

28.     The Second Letter would not have been sent if either of Defendant's responses provided the information that had been asked for in the First Request.

3

III.   CLAIMS

Count 1 - RESPA

29.     Mortgage secures the repayment of the Loan and is a lien on Residence.

30.     Residence is residential real property designed principally for the occupancy
of one family.

31.     The Loan was not a construction loan or other temporary financing.

32.     On the date the Loan was originated, Defendant was regulated by an agency
of the federal government.

33.     The Loan is FHA-insured.

34.     On the date the Loan was originated, Defendant made or invested in
residential real estate loans aggregating more than $1,000,000 per year. This allegation is
likely to have evidentiary support after a reasonable opportunity for discovery.

35.     The Loan is a "federally related mortgage loan" as that term is defined in 12
U.S.C. § 2602(1).

36.     The First Request was a written correspondence that was not written on a
payment coupon or other payment medium supplied by the servicer.

37.     The First Request included the name and account number of the borrower.

38.     The First Request provided sufficient detail regarding the information sought
by the borrower.

39.     Therefore, the First Request was a Qualified Written Request, as defined by
12 U.S.C. § 2605(e)(1)(B).

40.     Additionally, the First Request was also a Request for Information, as
described in Regulation X, 12 C.F.R. § 1024.36(a).

4

41. A servicer must respond within 10 business days to a request for the identity and address of the owner of a loan pursuant to 12 U.S.C. § 2605(k)(1)(D) and 12 C.F.R. § 1024.36(d)(1)(ii).

42. The First Request sought the name and address of the owner of the Loan.

43. During the period beginning on the date that Defendant received the First Request and continuing through the date that this lawsuit was filed, Defendant did not provide Plaintiff with the name and address of the owner of the Loan.

44. Additionally, the servicer must respond to other servicing-related information requests within 30 business days pursuant to 12 U.S.C. § 2605(e)(2) and 12 C.F.R. § 1024.36(d)(2)(i)(B).

45. Defendant failed to timely provide the other servicing-related information that was asked for in the First Request.

46. During the period beginning on the date that Defendant received the First Request and continuing through the date that this lawsuit was filed, Defendant did not provide Plaintiff with some of the information that was asked for in the First Request.

47. Defendant's conduct in willfully refusing to provide the information requested in the Letters establishes a pattern or practice of noncompliance with the requirements of 12 U.S.C. § 2605 and 12 C.F.R. § 1024.36.

48. Defendant's handling of mail received from other borrowers establishes a pattern or practice of noncompliance with the requirements of 12 U.S.C. § 2605 and 12 C.F.R. § 1024.36. The allegation in this paragraph is likely to have evidentiary support after an opportunity for discovery.

49. Defendant's refusal to provide the information asked for in the First Request

5

has caused Plaintiff to incur attorney's fees in attempting to obtain the information from the Defendant.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for actual damages, statutory damages pursuant to 12 U.S.C. § 2605(f)(1)(B), costs and reasonable attorney's fees pursuant to 12 U.S.C. § 2605(f)(3), and such other and further relief as may be just and proper.

### Count 2 – TILA

50. "A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." 15 U.S.C. § 1639g.

51. Defendant did not generate the requested payoff figure until November 19, 2024 and did not mail it until November 20, 2024.

52. Defendant did not send an accurate payoff balance within 7 business days after it received the First Request.

53. Defendant violated 15 U.S.C. § 1639g.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against the Defendant for actual damages, statutory damages of $4,000.00, costs and attorney's fees pursuant to 15 U.S.C. § 1640(a)(1)-(3) and § 1640(a)(2)(A)(i) and (iv).

Carlo Sabatini, PA 83831
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Attorney for Plaintiff
Phone (570) 341-9000

6

## Certification of Compliance

I certify that this filing complies with the provisions of the Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts that require filing confidential information and documents differently than non-confidential information and documents.

_____
Carlo Sabatini

## Verification by Plaintiff Melissa Martin

I affirm that the averments of fact contained in this pleading are true upon my personal knowledge or information and belief.

_____
Melissa Martin

## Certificate of Service

I, hereby certify that I am now, and at all times was, more than 18 years of age and that the foregoing document is being served today, June 20, 2025 electronically upon Defendant at the below email address:

Sarah Hillman at sarah.hillman@dinsmore.com

s/Ashley Weisenfluh
Ashley Weisenfluh, Paralegal
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512

7

# Exhibit A

(Request for Information Dated 10/29/24)

**SABATINI LAW FIRM, LLC**

CARLO SABATINI*
KRISTIN SABATINI

216 N. Blakely St.
Dunmore, PA 1851
Phone: (570) 341 9000
Fax: (570) 504 2769
**Satellite Office**: Wilkes-Barre 823 9000

October 29, 2024

Freedom Mortgage
P.O. Box 50428
Indianapolis, IN 46250-0401

RE: **Borrower: Melissa Martin**
**Property Address: 110 Lower Powderly St., Carbondale, PA 18407**
**Loan Number:** ███████

Dear Sir or Madam,

I am the attorney of record for Melissa Martin in the bankruptcy case. On October 21 2024, your authorized agent filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges ("the Notice"). The Notice asserts that the following "Attorney's fees" and "Bankruptcy/Proof of claim fees" were incurred on the debtor's mortgage account after the bankruptcy petition was filed:

| | |
|---|---|
| 06/04/2024 – plan [sic] Review | $400.00 |
| 07/29/2024 – Proof of Claim ($550); Preparation of 410A Form ($250) | $800.00 |

These fees appear to be unreasonably large. Please provide the following information regarding these fees so that we may assess their reasonableness.

1. All documents that would provide any additional detail regarding any of the following:
   a. the dates that the work was performed,
   b. the name and title of each professional that performed the work;
   c. the amount of time that each professional spent performing the work;
   d. the hourly rate charged by the professional here;
   e. the professional's *standard* hourly rate; and
   f. if the professional does not have a standard hourly rate, then the range of hourly rates that are charged for the professional when they work for other clients on an hourly basis.

2. All documents that would provide additional detail regarding the actual work that was performed. For example, exactly what steps are taken for the item listed as "Proof of Claim," who performed each such step, and how long did each such step take?

3. Agreements describing conditions under which the amounts described in the Notice would be paid by the servicer.

* Board Certified - Consumer Bankruptcy Law - American Board of Certification

4. With respect to the amounts described in the Notice that were actually paid, please provide Agreements describing the conditions under which any such paid amount would be returned to the servicer.

5. Copies of all documents that contain any estimate of the value the property. (This information is necessary to evaluate your position that your claim is oversecured and that 11 U.S.C. § 506(b) therefore permits the imposition of reasonable fees.)

Please also provide a payoff statement and the name and address of the owner of the loan.

Please also state whether the mortgage was in default when you acquired it for servicing.

If the decision to collect any part of the fee notwithstanding the Loan Interest and Protection Law, 41 P.S. § 101 was the result of a bona fide error that would excuse liability under 15 U.S.C. § 1692k, then please provide a detailed explanation of the error.

If the decision to charge $1,200.00 for the services rendered was the result of a bona fide error that would excuse liability under 15 U.S.C. § 1692k, please provide a detailed explanation of the error.

Sincerely yours,

Carlo Sabatini

Carlo Sabatini

CS/asw
cc:   Mario Hanyon (via email only to mario.hanyon@brockandscott.com)

# Exhibit B

(Letter from Freedom Mortgage dated 11/20/2024)

FREEDOM MORTGAGE CORPORATION
3001 TECHNOLOGY DRIVE
EDMOND OK 73013

12 9 SP 3.710    11327.5876.691163-P:12 T:1

SABATINI FREEMAN, LLC
CARLO SABATINI
216 N BLAKELY ST
DUNMORE PA 18512-1904





**FREEDOM MORTGAGE·**
P.O. Box 50485, Indianapolis, IN 46250-0485


SABATINI FREEMAN, LLC
CARLO SABATINI
216 N BLAKELY ST
DUNMORE PA 18512


November 20, 2024


Re: Loan Number ████9542
    Client: Melissa Martin
    Collateral Property: 110 Lower Powderly St., Carbondale, PA 18407
    Case Number: 2401277


Dear Carlo Sabatini,

Thank you for contacting Freedom Mortgage Corporation ("Freedom Mortgage"). We received your request via mail on November 5, 2024, regarding post-petition fees assessed to the above-referenced loan. We appreciate the opportunity to assist you and hope that you find the following information helpful.

The substantive issues raised concerning fees assessed in the course of the instant legal action, are not questions related to the servicing of the loan, and as such, while the correspondence was sent to the address designated by Freedom Mortgage for Qualified Written Requests ("QWRs") under RESPA, it is not a bona fide QWR. Please be advised that the proper action regarding your inquiry is to file an objection to the PPFN as allowed under Rule 3002.1.

Enclosed please find a transaction history, the Note, the Mortgage, and a Payoff Quote for your review.

Freedom Mortgage is represented in the Bankruptcy case by Brock & Scott, PLLC. Attorney Mario Hanyon is assigned to handle this matter. If you have any questions or concerns regarding the fees and costs incurred, please reach out to our counsel.

If you need to speak with a Customer Care Representative, please call Monday through Friday 8:00 am – 8:00 pm and Saturday 9:00 am – 2:00 pm Eastern Time at (855) 690-5900.

Sincerely,


Customer Care Team
Freedom Mortgage Corporation

Enclosure(s)



**FREEDOM MORTGAGE***
P.O. Box 50485, Indianapolis, IN 46250-0485

**IMPORTANT NOTICE: TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED IN BANKRUPTCY, IS SUBJECT TO THE AUTOMATIC STAY OR IS PROVIDED FOR IN A CONFIRMED PLAN, THIS COMMUNICATION IS FOR REGULATORY COMPLIANCE AND/OR INFORMATIONAL PURPOSES ONLY, AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO IMPOSE PERSONAL LIABILITY FOR SUCH OBLIGATION.**

11/19/24

MELISSA MARTIN                                          Account Number ████9542

110 LOWER POWDERLY ST

CARBONDALE          PA 18407-0000

Collateral  110 LOWER POWDERLY ST

| | | | | |
|---|---|---|---|---|
| Original Balance | 84677.00 | P&I Payment | 429.05 | Next Due Date | 08/01/23 |
| Current Balance | 74804.29 | Escrow Payment | 288.81 | Last Payment Date | 10/29/24 |
| Escrow Balance | -3933.32 | Opt Ins Payment | 0.00 | Current Interest Rate | 4.50000 |
| Unapplied Balance | 0.00 | Buydown | 0.00 | | |
| Fee Balance | -6318.39 | Total Payment | 717.86 | | |

History from undefined through undefined        Beginning statement balance undefined    Ending statement balance undefined

| Posting Date | Effective Date | Paid To Date | Transaction Description | Total Amount | Principal | Interest | Escrow | Insurance | Other |
|---|---|---|---|---|---|---|---|---|---|
| 11/08/21 | 11/08/21 | 08/01/20 | FHA Enmasse | -51.16 | 0.00 | 0.00 | -51.16 | 0.00 | 0.00 |
| 12/06/21 | 12/06/21 | 08/01/20 | FHA Enmasse | -51.16 | 0.00 | 0.00 | -51.16 | 0.00 | 0.00 |
| 01/06/22 | 01/06/22 | 08/01/20 | FHA Enmasse | -51.16 | 0.00 | 0.00 | -51.16 | 0.00 | 0.00 |
| 02/08/22 | 02/08/22 | 08/01/20 | FHA Enmasse | -51.16 | 0.00 | 0.00 | -51.16 | 0.00 | 0.00 |
| 02/15/22 | 02/15/22 | 08/01/20 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.00 F |
| 02/24/22 | 02/24/22 | 08/01/20 | Tax Enmasse | -469.81 | 0.00 | 0.00 | -469.81 | 0.00 | 0.00 |
| 03/04/22 | 03/04/22 | 08/01/20 | FHA Enmasse | -51.16 | 0.00 | 0.00 | -51.16 | 0.00 | 0.00 |
| 03/11/22 | 03/11/22 | 08/01/20 | Insurance Enmasse | -910.00 | 0.00 | 0.00 | -910.00 | 0.00 | 0.00 |
| 03/17/22 | 03/17/22 | 08/01/20 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -19.32 FL |
| 04/05/22 | 04/05/22 | 08/01/20 | Tax Enmasse | -377.90 | 0.00 | 0.00 | -377.90 | 0.00 | 0.00 |
| 04/06/22 | 04/06/22 | 08/01/20 | FHA Enmasse | -51.16 | 0.00 | 0.00 | -51.16 | 0.00 | 0.00 |
| 04/22/22 | 04/22/22 | 08/01/20 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.00 F |
| 04/25/22 | 04/25/22 | 08/01/20 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 250.00 F |
| 05/05/22 | 05/05/22 | 08/01/20 | FHA Enmasse | -51.16 | 0.00 | 0.00 | -51.16 | 0.00 | 0.00 |
| 05/24/22 | 05/24/22 | 08/01/20 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.00 F |
| 06/07/22 | 06/07/22 | 08/01/20 | FHA Enmasse | -50.07 | 0.00 | 0.00 | -50.07 | 0.00 | 0.00 |
| 06/20/22 | 06/20/22 | 08/01/20 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.00 F |
| 07/07/22 | 07/07/22 | 08/01/20 | FHA Enmasse | -50.07 | 0.00 | 0.00 | -50.07 | 0.00 | 0.00 |

B= *Buydown/Subsidy*        F= *Fee Payment*        L= *Late Charges*        N= *Unapplied*        C= *Uncollected*



MELISSA MARTIN

| Posting Date | Effective Date | Paid To Date | Transaction Description | Total Amount | Principal | Interest | Escrow | Insurance | Other | |
|---|---|---|---|---|---|---|---|---|---|---|
| 07/12/22 | 07/12/22 | 08/01/20 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 278.20 | F |
| 07/20/22 | 07/20/22 | 08/01/20 | Cash Receipt | 17421.48 | 0.00 | 0.00 | 0.00 | 0.00 | 17421.48 | N |
| 07/20/22 | 07/20/22 | 07/01/21 | Miscellaneous | 0.00 | 1456.13 | 3263.42 | 2984.39 | 0.00 | -7703.94 | N |
| 07/20/22 | 07/20/22 | 08/01/21 | Payment | 0.00 | 135.37 | 293.68 | 275.80 | 0.00 | -704.85 | N |
| 07/20/22 | 07/20/22 | 07/01/22 | Miscellaneous | 0.00 | 1523.03 | 3196.52 | 2877.56 | 0.00 | -7597.11 | N |
| 07/20/22 | 07/20/22 | 07/01/22 | Cash Receipt | -603.20 | 0.00 | 0.00 | 0.00 | 0.00 | -603.20 | N |
| 07/20/22 | 07/20/22 | 07/01/22 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 603.20 | F |
| 08/02/22 | 08/02/22 | 07/01/22 | Payment | -15.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | FN |
| 08/03/22 | 08/03/22 | 08/01/22 | Miscellaneous | 0.00 | 253.65 | 287.46 | 256.27 | 0.00 | -797.38 | N |
| 08/08/22 | 08/08/22 | 08/01/22 | FHA Enmasse | -50.07 | 0.00 | 0.00 | -50.07 | 0.00 | 0.00 | |
| 09/07/22 | 09/07/22 | 08/01/22 | FHA Enmasse | -50.07 | 0.00 | 0.00 | -50.07 | 0.00 | 0.00 | |
| 09/12/22 | 09/12/22 | 08/01/22 | Tax Enmasse | -905.81 | 0.00 | 0.00 | -905.81 | 0.00 | 0.00 | |
| 09/18/22 | 09/18/22 | 08/01/22 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -34.32 | L |
| 10/06/22 | 10/06/22 | 09/01/22 | Payment | 685.32 | 142.54 | 286.51 | 256.27 | 0.00 | 0.00 | |
| 10/06/22 | 10/06/22 | 09/01/22 | Miscellaneous | -50.07 | 0.00 | 0.00 | -50.07 | 0.00 | 0.00 | |
| 10/18/22 | 10/18/22 | 09/01/22 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -34.32 | L |
| 11/09/22 | 11/09/22 | 09/01/22 | FHA Enmasse | -50.07 | 0.00 | 0.00 | -50.07 | 0.00 | 0.00 | |
| 11/09/22 | 11/09/22 | 10/01/22 | Payment | 736.60 | 143.08 | 285.97 | 256.27 | 0.00 | 51.48 | N |
| 11/17/22 | 11/17/22 | 10/01/22 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -34.32 | L |
| 12/06/22 | 12/06/22 | 10/01/22 | FHA Enmasse | -50.07 | 0.00 | 0.00 | -50.07 | 0.00 | 0.00 | |
| 12/18/22 | 12/18/22 | 10/01/22 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -34.32 | L |
| 12/30/22 | 12/30/22 | 11/01/22 | Payment | 752.18 | 143.61 | 285.44 | 256.27 | 0.00 | 66.86 | N |
| 01/05/23 | 01/05/23 | 11/01/22 | FHA Enmasse | -50.07 | 0.00 | 0.00 | -50.07 | 0.00 | 0.00 | |
| 01/17/23 | 01/17/23 | 11/01/22 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -34.32 | L |
| 01/31/23 | 01/31/23 | 12/01/22 | Payment | 702.48 | 144.15 | 284.90 | 288.81 | 0.00 | -15.38 | N |
| 02/06/23 | 02/06/23 | 12/01/22 | FHA Enmasse | -50.07 | 0.00 | 0.00 | -50.07 | 0.00 | 0.00 | |
| 02/17/23 | 02/17/23 | 12/01/22 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -34.32 | L |
| 03/07/23 | 03/07/23 | 12/01/22 | FHA Enmasse | -50.07 | 0.00 | 0.00 | -50.07 | 0.00 | 0.00 | |
| 03/10/23 | 03/10/23 | 12/01/22 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.00 | F |
| 03/13/23 | 03/13/23 | 12/01/22 | Insurance Enmasse | -978.00 | 0.00 | 0.00 | -978.00 | 0.00 | 0.00 | |
| 03/24/23 | 03/24/23 | 12/01/22 | Tax Enmasse | -469.81 | 0.00 | 0.00 | -469.81 | 0.00 | 0.00 | |
| 04/03/23 | 04/03/23 | 12/01/22 | Tax Enmasse | -377.90 | 0.00 | 0.00 | -377.90 | 0.00 | 0.00 | |
| 04/05/23 | 04/05/23 | 12/01/22 | FHA Enmasse | -50.07 | 0.00 | 0.00 | -50.07 | 0.00 | 0.00 | |
| 05/05/23 | 05/05/23 | 12/01/22 | FHA Enmasse | -50.07 | 0.00 | 0.00 | -50.07 | 0.00 | 0.00 | |

B= **Buydown/Subsidy**      F= **Fee Payment**      L= **Late Charges**      N= **Unapplied**      C= **Uncollected**



011327-C0005878-0 [PAG.0] [DOC 12 8/84 Id.591163]

MELISSA MARTIN

| Posting Date | Effective Date | Paid To Date | Transaction Description | Total Amount | Principal | Interest | Escrow | Insurance | Other |
|---|---|---|---|---|---|---|---|---|---|
| 05/17/23 | 05/17/23 | 12/01/22 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -34.32 L |
| 05/25/23 | 05/25/23 | 12/01/22 | Payment | 137.28 | 0.00 | 0.00 | 0.00 | 0.00 | 426.84 FL |
| 06/08/23 | 06/08/23 | 12/01/22 | FHA Enmasse | -48.92 | 0.00 | 0.00 | -48.92 | 0.00 | 0.00 |
| 06/21/23 | 06/21/23 | 12/01/22 | Single Rec Reversal | -102.96 | 0.00 | 0.00 | 0.00 | 0.00 | -102.96 N |
| 06/21/23 | 06/21/23 | 12/01/22 | Cash Receipt | 102.96 | 0.00 | 0.00 | 0.00 | 0.00 | 102.96 N |
| 07/04/23 | 07/04/23 | 12/01/22 | FHA Enmasse | -48.92 | 0.00 | 0.00 | -48.92 | 0.00 | 0.00 |
| 07/18/23 | 07/18/23 | 12/01/22 | Cash Receipt | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 08/07/23 | 08/07/23 | 12/01/22 | FHA Enmasse | -48.92 | 0.00 | 0.00 | -48.92 | 0.00 | 0.00 |
| 08/11/23 | 08/11/23 | 12/01/22 | Single Rec Reversal | -102.96 | 0.00 | 0.00 | 0.00 | 0.00 | -102.96 N |
| 08/11/23 | 08/11/23 | 12/01/22 | Cash Receipt | 102.96 | 0.00 | 0.00 | 0.00 | 0.00 | 102.96 N |
| 09/05/23 | 09/05/23 | 12/01/22 | FHA Enmasse | -48.92 | 0.00 | 0.00 | -48.92 | 0.00 | 0.00 |
| 09/07/23 | 09/07/23 | 12/01/22 | Single Rec Reversal | -102.96 | 0.00 | 0.00 | 0.00 | 0.00 | -102.96 N |
| 09/07/23 | 09/07/23 | 12/01/22 | Cash Receipt | 102.96 | 0.00 | 0.00 | 0.00 | 0.00 | 102.96 N |
| 09/08/23 | 09/08/23 | 12/01/22 | Tax Enmasse | -953.81 | 0.00 | 0.00 | -953.81 | 0.00 | 0.00 |
| 10/05/23 | 10/05/23 | 12/01/22 | FHA Enmasse | -48.92 | 0.00 | 0.00 | -48.92 | 0.00 | 0.00 |
| 10/17/23 | 10/17/23 | 12/01/22 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.00 F |
| 11/06/23 | 11/06/23 | 12/01/22 | FHA Enmasse | -48.92 | 0.00 | 0.00 | -48.92 | 0.00 | 0.00 |
| 11/17/23 | 11/17/23 | 12/01/22 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -34.32 L |
| 12/05/23 | 12/05/23 | 12/01/22 | FHA Enmasse | -48.92 | 0.00 | 0.00 | -48.92 | 0.00 | 0.00 |
| 12/19/23 | 12/19/23 | 12/01/22 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -34.32 L |
| 12/20/23 | 12/20/23 | 12/01/22 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 30.00 F |
| 01/05/24 | 01/05/24 | 12/01/22 | FHA Enmasse | -48.92 | 0.00 | 0.00 | -48.92 | 0.00 | 0.00 |
| 01/17/24 | 01/17/24 | 12/01/22 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -34.32 L |
| 01/23/24 | 01/23/24 | 12/01/22 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 301.02 F |
| 01/26/24 | 01/26/24 | 12/01/22 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 325.00 F |
| 02/06/24 | 02/06/24 | 12/01/22 | FHA Enmasse | -48.92 | 0.00 | 0.00 | -48.92 | 0.00 | 0.00 |
| 02/15/24 | 02/15/24 | 12/01/22 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 725.73 F |
| 02/26/24 | 02/26/24 | 12/01/22 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 690.00 F |
| 03/05/24 | 03/05/24 | 12/01/22 | FHA Enmasse | -48.92 | 0.00 | 0.00 | -48.92 | 0.00 | 0.00 |
| 03/11/24 | 03/11/24 | 12/01/22 | Insurance Enmasse | -1286.00 | 0.00 | 0.00 | -1286.00 | 0.00 | 0.00 |
| 03/21/24 | 03/21/24 | 12/01/22 | Tax Enmasse | -497.38 | 0.00 | 0.00 | -497.38 | 0.00 | 0.00 |
| 04/01/24 | 04/01/24 | 12/01/22 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2060.14 F |
| 04/04/24 | 04/04/24 | 12/01/22 | FHA Enmasse | -48.92 | 0.00 | 0.00 | -48.92 | 0.00 | 0.00 |
| 04/05/24 | 04/05/24 | 12/01/22 | Payment | -377.90 | 0.00 | 0.00 | -377.90 | 0.00 | 172.50 F |
| 04/16/24 | 04/16/24 | 12/01/22 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 394.00 F |

B= *Buydown/Subsidy*        F= *Fee Payment*        L= *Late Charges*        N= *Unapplied*        C= *Uncollected*



MELISSA MARTIN

| Posting Date | Effective Date | Paid To Date | Transaction Description | Total Amount | Principal | Interest | Escrow | Insurance | Other | |
|---|---|---|---|---|---|---|---|---|---|---|
| 05/07/24 | 05/07/24 | 12/01/22 | FHA Enmasse | -48.92 | 0.00 | 0.00 | -48.92 | 0.00 | 0.00 | |
| 05/24/24 | 05/24/24 | 12/01/22 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 75.00 | F |
| 05/28/24 | 05/28/24 | 12/01/22 | Single Rec Reversal | -102.96 | 0.00 | 0.00 | 0.00 | 0.00 | -102.96 | N |
| 05/28/24 | 05/28/24 | 12/01/22 | Cash Receipt | 102.96 | 0.00 | 0.00 | 0.00 | 0.00 | 102.96 | N |
| 06/03/24 | 06/03/24 | 12/01/22 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | -75.00 | F |
| 06/05/24 | 06/05/24 | 12/01/22 | FHA Enmasse | -47.73 | 0.00 | 0.00 | -47.73 | 0.00 | 0.00 | |
| 06/10/24 | 06/10/24 | 12/01/22 | Fee Billed | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 400.00 | F |
| 06/20/24 | 06/20/24 | 12/01/22 | Miscellaneous | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 250.00 | F |
| 07/02/24 | 07/02/24 | 12/01/22 | FHA Enmasse | -47.73 | 0.00 | 0.00 | -47.73 | 0.00 | 0.00 | |
| 07/17/24 | 07/17/24 | 12/01/22 | Cash Receipt | 725.00 | 0.00 | 0.00 | 0.00 | 0.00 | 725.00 | N |
| 07/18/24 | 07/17/24 | 01/01/23 | Miscellaneous | 0.00 | 144.69 | 284.36 | 288.81 | 0.00 | -717.86 | N |
| 08/02/24 | 08/02/24 | 02/01/23 | Payment | 717.86 | 145.24 | 283.81 | 288.81 | 0.00 | 0.00 | |

B= *Buydown/Subsidy*      F= *Fee Payment*      L= *Late Charges*      N= *Unapplied*      C= *Uncollected*



011327-0000S676-0 [PAQ.0] [DOC 12 1384 Id.691163]



**FREEDOM MORTGAGE®**
PO Box 50485, Indianapolis, IN 46250-0485

MELISSA MARTIN                                                November 19, 2024
110 LOWER POWDERLY ST
CARBONDALE          PA 18407-0000

## PAYOFF STATEMENT

Loan Number: ███9542                    Next Payment Due Date: August 1, 2023
Borrower:         MELISSA MARTIN

Property:         110 LOWER POWDERLY ST
                  CARBONDALE          PA 18407

Loan Type: FHA

**Payoff Quote Good Through December 4, 2024**

The accrued interest shown below is projected through 12/04/24. After that date, please add an additional $9.22 per day.

| Please send the following Remittance: | |
|---|---|
| Current Unpaid Principal | $  74,804.29 |
| Accrued Interest | $  4,796.51 |
| Prepayment Penalty | $    0.00 |
| Escrow/Impound Required | $  3,933.32 |
| Mortgage Insurance Premium Due | $   47.73 |
| Less Escrow/Impound Funds | $ -  0.00 |
| Less Unapplied Funds Balance | $    0.00 |
| Payoff Statement Fee | $    0.00 |
| Unpaid Late Charges | $   51.48 |
| Recording Fee | $   75.75 |
| Release Fee | $    0.00 |
| Additional Items Due | $  6,318.39 |
| Deferred Balance | $    0.00 |
| Optional Insurance | $    0.00 |
| Subsidy/Buydown | $    0.00 |
| **TOTAL PAYOFF DUE:** | $  90,027.47 |

Although this payoff quote is good through the date shown above, additional fees may accrue. For example, if we do not receive the funds and the grace period for your next payment(s) expires, a late charge may also be assessed.

2.02



011327-C0005876-0 [PAG.0] [DOC 12 73/84 id.691163]



**FREEDOM MORTGAGE®**
PO Box 50485, Indianapolis, IN 46250-0485

A "deferred balance" may include items such as a deferred principal balance, late charges, escrow advances, expense advances and administrative fees.

The current escrow balance is $-3,933.32. Any escrow payments scheduled to disburse prior to the payoff expiration date will be deducted from the total escrow balance. If the scheduled disbursement creates a negative balance in the escrow account, these funds will appear as an escrow advance and included in the total payoff due. Available escrow funds will be returned to the borrower within 14 business days from the date the loan is paid in full.

*When applicable, any escrow funds credited toward the total payoff will not be returned.*

The information shown on this statement is subject to change. To ensure you're submitting sufficient funds to pay your account in full, please contact our Customer Care Team for updated figures prior to remitting payoff funds. If your loan is referred to foreclosure this payoff statement will no longer be valid. Therefore, a new payoff statement will need to be requested.

## WHERE TO SUBMIT PAYOFF FUNDS

**WIRE TRANSFER**
Freedom Mortgage Corporation
Reference:  Payoff/Payment Department
KeyBank, 127 Public Square, Cleveland, OH

**OVERNIGHT DELIVERIES OF PAYMENTS**
Freedom Mortgage Corporation
ATTN: Payoff Department
11988 Exit 5 Pkwy Bldg 4
Fishers, IN  46037-7939



*Please note that Freedom Mortgage Corporation ("Freedom Mortgage") requires payoffs to be received in the form of certified funds. Personal checks will not be accepted. Additionally, Freedom Mortgage will only accept funds to pay off the account in full. Payoff funds received that are not sufficient to pay the loan account in full will be returned.*

*Incoming wire transfers received by 4 PM Eastern Time will be credited the same day. Wires received after that time will be processed on the next business day.  Please ensure that all payoff funds submitted include the borrower's name and loan number.*

Customer Care representatives are available to assist you Monday through Friday from 8:00 AM – 8:00 PM and Saturday from 9:00 AM – 2:00 PM Eastern Time.

**IMPORTANT NOTICE: TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED IN BANKRUPTCY, IS SUBJECT TO THE AUTOMATIC STAY OR IS PROVIDED FOR IN A CONFIRMED PLAN, THIS COMMUNICATION IS FOR REGULATORY COMPLIANCE AND/OR INFORMATIONAL PURPOSES ONLY, AND DOES NOT CONSTITUTE A DEMAND FOR PAYMENT OR AN ATTEMPT TO IMPOSE PERSONAL LIABILITY FOR SUCH OBLIGATION.**

2.02

011327-O0005878-0 [PAG.0] [DOC 12 78/94 id.691163]



**FREEDOM MORTGAGE®**
PO Box 50485, Indianapolis, IN 46250-0485

### Change of Address Notification Form

Is your mailing address changing as a result of this payoff request? Please let us know your new address below in order to ensure all trailing documents are sent to the appropriate address. Please return this Form to:

Freedom Mortgage, P.O. Box 50485, Indianapolis, IN 46250-0485

**New Address:** _____

**City/State/ZIP:** _____

**Loan Number:** ▇▇▇▇9542

Attachment: Payoff Statement Disclosure

2.02

011327-C00005676-0 [PAG.0] [DOC 12 77/84 Id 691153]



**FREEDOM MORTGAGE®**
PO Box 50485, Indianapolis, IN 46250-0485

# PAYOFF PROCEDURE DISCLOSURE

Borrower:  MELISSA MARTIN                                    11/19/24

Loan Number:    ████9542
FHA Case Number: ████████9703

Address:       110 LOWER POWDERLY ST
               CARBONDALE       PA 18407

This is in reply to your 11/19/24 inquiry/request for payoff figures or offer to tender an amount to prepay in full your Federal Housing Administration (FHA)-insured mortgage which this company is servicing.

This notice is to advise you of the procedure which will be followed to accomplish a full prepayment of your mortgage.

Freedom Mortgage Corporation ("Freedom Mortgage") will:

[✓] accept the full prepayment amount whenever it is paid and collect interest only to the date of that payment.

[ ] only accept the prepayment on the first day of the month during the mortgage term; or accept the prepayment whenever tendered with the interest paid to the first day of the month following the date prepayment is received.

[ ] require at least 30 days prior written notice of your intent to prepay the mortgage (for mortgage insured prior to August 2, 1985). We consider that the 30-day written notice has not been complied with. NOTICE MUST BE IN WRITING.

[ ] consider that we have received notice of your intended prepayment and the 30-day notice began to run on (N/A).

NOTE: Because your loan provides for the collection of interest through the end of the calendar month in which your prepayment is received, it is to your advantage to ensure that the prepayment reaches us as close to the end of the month as possible but not later than the first workday of the month.

If you have any questions regarding this notice, please contact Customer Care Team at 855-690-5900.

Customer Care Team
Freedom Mortgage Corporation
NMLS # 2767 (www.nmlsconsumeraccess.org)

Attachment: Payoff Statement

2.02



011327-O0005876-0 [PAG.0] [DOC 12 79/84 Id.691163]



**FREEDOM MORTGAGE®**
PO Box 50485, Indianapolis, IN 46250-0485

2.02

011327-O0005878-0 [PAG.0] [DOC 12 81/84 ld.661163]

FREEDOM MORTGAGE CORPORATION    -607
951 YAMATO ROAD
SUITE 175
BOCA RATON        FL
          33431

11/19/24

██████9542 ██████████

FHA

110 LOWER POWDERLY ST

CARBONDALE        PA 18407

MELISSA MARTIN
110 LOWER POWDERLY ST
CARBONDALE        PA 18407-0000

MELISSA MARTIN
110 LOWER POWDERLY ST

CARBONDALE        PA 18407-0000

| FEE TYPE | EXP CODE | DATE ASSESSED | DESCRIPTION | FEE AMOUNT | REM BALANCE |
|---|---|---|---|---|---|
| 11 | 0 | 09/16/24 | PROP INSPECTION FEE | 30.00 | 30.00 |
| 40 | 58 | 01/23/24 | FCL ATTY FEE (HUD) | 301.02 | 301.02 |
| 40 | 45 | 01/26/24 | TITLE COMMITMENT/EXAM/SEARCH | 325.00 | 325.00 |
| 40 | 15 | 02/15/24 | CERTIFIED STATUTORY MAILING | 1.63 | 1.63 |
| 40 | 26 | 02/15/24 | FILING FEE | 204.50 | 204.50 |
| 40 | 34 | 02/15/24 | FC PROCESS SERVER/POSTAGE | 174.60 | 174.60 |
| 40 | 58 | 02/15/24 | FCL ATTY FEE (HUD) | 345.00 | 345.00 |
| 40 | 58 | 02/26/24 | FCL ATTY FEE (HUD) | 690.00 | 690.00 |
| 40 | 15 | 04/01/24 | CERTIFIED STATUTORY MAILING | 2.64 | 2.64 |
| 40 | 16 | 04/01/24 | FCL COMMISSIONER/SHERIFF FEE | 2000.00 | 2000.00 |
| 40 | 26 | 04/01/24 | FILING FEE | 57.50 | 57.50 |
| 40 | 58 | 04/05/24 | FCL ATTY FEE (HUD) | 172.50 | 172.50 |
| 40 | 4 | 04/16/24 | APPRAISAL COSTS | 394.00 | 394.00 |
| 40 | 51 | 05/24/24 | TITLE UPDATE | 75.00 | 75.00 |
| 40 | 133 | 06/10/24 | BKR ATTY FEE CHAP 13 POC | 400.00 | 400.00 |
| 40 | 34 | 06/20/24 | FC PROCESS SERVER/POSTAGE | 200.00 | 200.00 |
| 40 | 58 | 06/20/24 | FCL ATTY FEE (HUD) | 50.00 | 50.00 |
| 40 | 8 | 08/02/24 | BKR POC - LOAN PAYMENT HISTORY | 250.00 | 250.00 |
| 40 | 133 | 08/02/24 | BKR ATTY FEE CHAP 13 POC | 550.00 | 550.00 |
| 40 | 13 | 11/13/24 | BPO/INSPECTION FEE | 95.00 | 95.00 |

TOTAL FEES DUE

6318.39

011327-0000587B-0 [PAG.0] [DOC 12 83/84 Id.691163]

# Exhibit C

(Letter from Freedom Mortgage dated 12/21/2024)

Exhibit C



**FREEDOM MORTGAGE**
P.O. Box 50485, Indianapolis, IN 46250-0485

December 21, 2024

Sabatini Freeman, LLC
Attn: Carlo Sabatini, Esq.
216 N. Blakely St.
Dunmore, PA 18512

Re:    Loan Number:    ▮9542
        Borrower:    Melissa Martin
        Collateral Property:    110 Lower Powderly St., Carbondale, PA 18407 (the "Property")

Freedom is in receipt of correspondence from Borrower and/or Sabatini Freeman, LLC, sent on Borrower's behalf, which requests information limited to the October 21, 2024 Notice of Postpetition Mortgage Fees, Expenses and Charges (the "Notice"). Without admitting that such correspondence is a properly submitted request for information or qualified written request or waiving any defenses, Freedom provides the following supplemental response.

As an initial matter, Borrower filed bankruptcy, which is currently pending in the United States Bankruptcy Court for the Middle District of Pennsylvania, Case Number 5:24-bk-01277-MJC (the "Bankruptcy"). Therefore, Freedom objects to the correspondence being used as an end-run around timely and appropriate discovery subject to the Federal Rules of Civil Procedure or the Bankruptcy Rules of Procedure. 12 C.F.R. § 1024.36(f)(1)(iv).

Our records indicate Borrower obtained a loan with PS Bank, A corporation, in the amount of $84,677.00 on April, 21, 2017 (the "Loan"). The loan is secured by a Mortgage to the Property. Freedom began servicing the above referenced loan on April 3, 2018.

**Responding to requests No. 1 and No. 2.** Borrower requests additional information to verify the fees charged, including counsel rates and agreements between counsel and Freedom. Freedom follows the Fannie Mae Guidelines regarding fees and costs incurred in servicing the Loan. Enclosed is the current Fannie Mae Matrix. Please note Fannie Mae Guidelines, are "instructional" as to what may be considered reasonable. 68 Pa.C. § 2311; *See In re Palmer*, 386 B.R. 875, 878 (Bankr. N.D. Fl 2008). ; *In re Maldonado*, No. 19-30177, 2019 Bankr. LEXIS 2923, at *6 (Bankr. N.D.N.Y. Aug. 6, 2019).

**Responding to request No. 3.** Borrower requests "[a]greements describing conditions under which the amounts described in the Notice would be paid by the servicer." It is unclear exactly what information Borrower is requesting. To the extent you seek internal information such as confidential documentation demonstrating steps or a checklist for the work performed or agreements entered into between Freedom and its counsel, such information and documentation is protected by the attorney-client or work-product privileges. Please note a servicer need not respond if the request is overbroad or implicates "confidential,


proprietary, or privileged information." 12 C.F.R. §§1024.36(f)(ii), (f)(iv). Further, Freedom paid counsel for the services performed in the Notice and is not entitled to return of those amounts from Counsel.

**Responding to request No. 4.** Borrower requests "[w]ith respect to the amounts described in the Notice that were actually paid, please provide Agreements describing the conditions under which any such paid amount would be returned to the servicer." It is unclear exactly what information Borrower is requesting. To the extent you seek internal information such as confidential documentation demonstrating steps or a checklist for the work performed or agreements entered into between Freedom and its counsel, such information and documentation is protected by the attorney/client privilege and work-product privilege, please note a servicer need not respond if the attorney-client or work-product privileges. Please note a servicer need not respond if the request is overbroad or implicates "confidential, proprietary, or privileged information." 12 C.F.R. §§1024.36(f)(ii), (f)(iv). In a good faith effort to provide the requested information and without waiving Freedom's objections, please see the documentation enclosed. Further, Freedom paid counsel for the services performed in the Notice and is not entitled to return of those amounts from Counsel.

**Responding to request No. 5.** Borrower requests "[c]opies of all documents that contain any estimate of the value of the property." This request is not specific to the Notice, and while noting, Freedom is not subject to 11 U.S.C. § 506(b) because of 11 U.S.C. § 1322(b)(2). Notwithstanding these issues and without conceding estimates of value fall within the information that can be requested under RESPA, please see the enclosed 2024 appraisal of the Property.

Regarding your unlabeled requests, enclosed please find copies of the payoff statement, Note and Mortgage, which were previously provided on November 20, 2024. Furthermore, the Loan was not in default at the time Freedom acquired the servicing of the Loan.

**Reservation of Rights.** Freedom fully reserves its right to pursue or defend any claims, current or future, against Debtor and to make any additional demands in the event there is future litigation. By providing the enclosed information, Freedom is not waiving attorney/client privilege or work-product privilege.

We trust this response resolves your concerns. If you have any questions, please contact Freedom Mortgage Corporation at (855) 690-5900, Monday through Friday, 8:00 AM to 2:00 PM, Eastern Time.

Sincerely,

Customer Care Team
Freedom Mortgage Corporation

Enclosure(s)

**IMPORTANT NOTICE: TO THE EXTENT YOUR OBLIGATION HAS BEEN DISCHARGED IN BANKRUPTCY, IS SUBJECT TO THE AUTOMATIC STAY OR IS PROVIDED FOR IN A CONFIRMED PLAN, THIS COMMUNICATION IS FOR REGULATORY COMPLIANCE AND/OR INFORMATIONAL PURPOSES ONLY, AND DOES NOT CONSTITUTE A DEMAND**



FREEDOM MORTGAGE®
P.O. Box 50485, Indianapolis, IN 46250-0485

**FOR PAYMENT OR AN ATTEMPT TO IMPOSE PERSONAL LIABILITY FOR SUCH OBLIGATION.**

# Brock & Scott, PLLC

1315 Westbrook Plaza Drive, Suite 100
Winston-Salem, NC 27103
(336)354-1200 - phone
(336)354-1206 - fax

## INVOICE

Invoice #: D744024

Invoice Date: 06/07/2024

File Number: 24-02531 BKPLN01

Client:

Freedom Mortgage Corporation
10500 Kincaid Drive
Fishers, IN, 46037

Name and Address:

Martin, Melissa
110 Lower Powderly St
Carbondale, PA, 18407

| BK Case # and Chapter | Loan # | Loan Type | Investor # | Reason for Completion of Billing |
|---|---|---|---|---|
| 24-01277/13 | ████9542 | FHA | ████████ | Bankruptcy Services CH13 |

| DESCRIPTION | CLASS | AMOUNT |
|---|---|---|
| Plan Review<br>Service Date: 06/04/2024 | Bankruptcy Plan Review<br>BORROWER RECOVERABLE | 400.00 |

Please include a copy of this invoice with your remittance to:

   1315 Westbrook Plaza Drive, Suite 100
   Winston-Salem, NC 27103

**Balance Due:**     **400.00**

# INVOICE

**Brock & Scott, PLLC**

1315 Westbrook Plaza Drive, Suite 100
Winston-Salem, NC 27103
(336)354-1200 - phone
(336)354-1206 - fax

Invoice #: D778958

Invoice Date: 07/31/2024

File Number: 24-02531 BKPOC01

---

Client:

Freedom Mortgage Corporation
11988 Exit 5 Pkwy Bldg 4
Fishers, IN, 46037

Name and Address:

Martin, Melissa
110 Lower Powderly St
Carbondale, PA, 18407

---

| BK Case # and Chapter | Loan # | Loan Type | Investor # | Reason for Completion of Billing |
|---|---|---|---|---|
| 24-01277/13 | ███9542 | FHA | ██████████ | Bankruptcy Services CH13 |

| DESCRIPTION | CLASS | AMOUNT |
|---|---|---|
| 410A Payment History Review<br>Service Date: 07/29/2024 | Bankruptcy POC<br>BORROWER RECOVERABLE | 250.00 |
| Proof Of Claim<br>Service Date: 07/29/2024 | Bankruptcy POC<br>BORROWER RECOVERABLE | 550.00 |

---

Please include a copy of this invoice with your remittance to:

**\*\*Please note that the remittance address has changed\*\***

Brock & Scott, PLLC
PO Box 117788
Atlanta, GA 30368

**Balance Due:**            **800.00**

## APPRAISAL OF



### LOCATED AT:

110 Lower Powderly St
Carbondale, PA 18407

### FOR:

Freedom Mortgage - Servicing
907 Pleasant Valley Avenue Suite 3
Mount Laurel, NJ, 08054

### BORROWER:

Melissa Martin

### AS OF:

April 5, 2024

### BY:

Debra Bochon, PA Certified Residential Appraiser

April 06, 2024

Freedom Mortgage - Servicing
907 Pleasant Valley Avenue Suite 3
Mount Laurel, NJ, 08054

File Number:  MartinMelissa

To whom it may concern,

In accordance with your request, I have appraised the real property at:

110 Lower Powderly St
Carbondale, PA  18407

The purpose of this appraisal is to develop an opinion of the market value of the subject property, as improved.
The property rights appraised are the fee simple interest in the site and improvements.

In my opinion, the market value of the property as of   April 5, 2024                                                Is:

$155,000
One Hundred Fifty-Five Thousand  Dollars

The attached report contains the description, analysis and supportive data for the conclusions,
final opinion of value, descriptive photographs, limiting conditions and appropriate certifications.

Sincerely,

Debra Bochon, PA Certified Residential Appraiser

# Allowable Bankruptcy Fees – All Bankruptcy Chapters

| Allowable Bankruptcy Fees | | | | |
|---|---|---|---|---|
| Chapter | Fee Type | Notes | Maximum Fee | Effective Date services rendered |
| All | Mediation | The fee for bankruptcy mediations covers the following tasks performed by law firms in connection with mediations:<br><br>· Communicating with the servicer to obtain necessary information and backup documentation regarding the servicer's loss mitigation policies, borrower financial information, etc., before, during and after the mediation process;<br>· Monitoring the servicer's negotiations with the debtor;<br>· Preparing any loss mitigation agreements, court motions and other papers;<br>· Communicating with the court and mediation personnel; and<br>· Attendance at two mediation sessions, including any follow-up activities after the session, such as reporting to the servicer.<br><br>The fees for bankruptcy mediations cover all the mediation services in each bankruptcy filing or consolidated case (for instance, when spouses file separate bankruptcy petitions, but the cases are consolidated for administrative purposes), regardless of the number of debtors or Fannie Mae mortgage loans affected. If a debtor files multiple bankruptcy petitions, a separate bankruptcy mediation fee will apply to each petition. | $700 first session / $375 second session | on or after 11/1/2013 |
| All | Motion for Relief | These fees include the law firm's services in:<br><br>· reviewing the bankruptcy docket,<br>· reviewing the debtor's loan history,<br>· drafting and revising any affidavit(s) in support,<br>· all communications with the servicer to obtain the necessary information and backup documentation,<br>· preparation of the motion,<br>· negotiations with debtor's counsel,<br>· attendance at up to two hearings, and<br>· preparing a stipulation or order (including an adequate protection order). | Chapter 7 $950 | on or after 12/1/2019 |

| | | | | | |
|---|---|---|---|---|---|
| | | This fee is allowed for each motion for relief, even if there are multiple debtors or multiple Fannie Mae mortgage loans covered by the motion.<br><br>If circumstances require filing separate motions for relief for each individual Fannie Mae mortgage loan in the same case, or multiple bankruptcy filings affect an individual Fannie Mae mortgage loan, the fee applies to each Motion for Relief. However, excess fee approval is required if an additional motion for relief is required in the same case for the same loan. | Chapter 11, 12, 13 | $1,050 | on or after 12/1/2019 |
| All | Notice of Appearance | Fannie Mae does not reimburse additional fees. | $0 | | - |
| All | Proof of Claim (POC) Preparation & Plan Review | This allowable fee includes all communications with the servicer to obtain the necessary information and backup documentation, preparing, reviewing, and filing the POC form, and verifying that the POC is properly docketed. It also includes the services involved in preparing, reviewing, and filing up to one amended POC. The allowable fee covers each POC (and amended POC), regardless of the number of debtors. | Chapter 7 (POC prep only, if required) | $300 | on or after 11/1/2013 |
| | | These fees include:<br><br>· Communicating with the servicer to obtain the necessary information about the debtor's loan(s) and backup documentation for the POC;<br>· Preparing and filing the POC form, and up to one amended POC form;<br>· Verifying that the POC is properly docketed;<br>· Monitoring the docket, and obtaining and reviewing the original and up to two amended Plans;<br>· Analyzing Plan(s);<br>· Reviewing any disclosure statement and ballot (if applicable); and<br>· Communicating and negotiating with the Servicer, any trustee and debtor's counsel. | Chapter 11 & 12 | $950 | on or after 12/1/2019 |
| | | | Chapter 13 | $950 | on or after 12/1/2019 |
| | | Fannie Mae will authorize excess fees in unusually complex cases in accordance with our usual excess fee approval process. The fee for POC & Plan Review covers all Fannie Mae mortgage loans involved in a proceeding. | | | |
| All | Proof of Claim - Form 410A Loan Payment History | This fee includes all legal services necessary to prepare and/or review the Loan Payment History when it is required as part of Official Form 410A. The fee also covers the preparation and/or review of one amended Loan Payment History if amendment is necessary. | $250 | | - |

| | | | | |
|---|---|---|---|---|
| All | **Servicer-Paid Expenses** | There are additional bankruptcy services that law firms are often required to provide, which are either a servicer function or are necessary to resolve actual or alleged errors in origination or servicing of the loan. Servicers must pay, at their own expense (not reimbursed by Fannie Mae), law firms for such additional bankruptcy services. These services include, but are not limited to:<br><br>· Monitoring Plan Payments;<br>· Post-MFR or Post-Stipulation monitoring;<br>· Third and subsequent Proofs of Claim;<br>· Contested proceedings (objections, final cure payment notices, adversary actions, etc.) which are a result of alleged servicer error;<br>· Adversary proceedings by trustees to invalidate a lien on the debtor's property;<br>· Sanctions hearings; and<br>· Motions for extension of time or delays in proceedings due to servicer delays | $0 | - |
| 7 | **Reaffirmation Agreement** | This fee includes the time spent by the law firm communicating with the servicer to obtain necessary information and backup documentation, negotiations with debtor's counsel, preparing the Reaffirmation Agreement, and obtaining court approval where necessary. This fee is allowed for each Reaffirmation Agreement prepared, regardless of the number of debtors signing the Agreement or the number of Fannie Mae mortgage loans covered by the Reaffirmation Agreement. | $250 | All active files effective 08/16/2017 or later |
| 12 & 13 | **Objection to Plan** | These fees include the legal services generally required in connection with the prosecution of an Objection to Plan, including communications with the servicer, legal research, preparation and filing of objection papers, negotiations with debtor's counsel and trustee, attendance at up to two hearings, and preparing a stipulation or order.<br><br>This allowable fee covers all Objections to the original Plan and up to two amended Plans, regardless of the number of Objections required, the number of debtors involved, or the number of Fannie Mae loans involved.<br><br>Fees for any legal work related to Objections to the third and subsequent Amended Plans, litigated or contested Objections, or Objections related to new factual or legal issues raised in any amended Plans, will require excess fee approval. | $550 | on or after 12/1/2019 |

| 13 | Notice of Fees, Expenses and Charges | This fee includes all legal services provided by bankruptcy counsel in compliance with Bankruptcy Rule 3002.1 concerning notices of post-petition fees, charges, or expenses that the creditor seeks to collect from the debtor. This allowable fee includes communications with the servicer; verifying the validity of the fees, expenses, or charges being sought; drafting, serving and filing the requisite form (Form B10S2); and verifying that the Notice is docketed properly.<br><br>This fee is allowed for each Notice of Fees, Expenses and Charges, even if notices must be given to multiple debtors. However, the fee is limited to notices for fees, expenses and charges that aggregate $150 or more. If a servicer incurs out-of-pocket expenses that aggregate less than $150, (a) a notice may be filed at the servicer's expense as a cost of servicing or (b) attempts to collect from the borrower may be waived and reimbursement may be sought by the servicer from Fannie Mae in accordance with the provisions of the Servicing Guide. | $150 | All active files effective 08/16/2017 or later |
|----|----|----|----|----|
| 13 | Payment Change Notification | Fannie Mae is clarifying that this fee includes all legal services provided by a law firm in compliance with Bankruptcy Rule 3002.1 concerning notices of payment change amounts. The allowable fee covers communications with the servicer; drafting, serving and filing the requisite bankruptcy form (BK Form B10S1); and verifying that the Notice is docketed properly. This fee is allowed for each occurrence of a payment change, even if notices must be given to multiple debtors. | $125 | All active files effective 08/16/2017 or later |
| 13 | Post-Stipulation Default and Stay Termination | These allowable fees cover the legal work involved when a debtor defaults after having previously stipulated that a second default would result in automatic termination of the stay. Fannie Mae will reimburse for two fees.<br><br>1. The $100 fee applies in every post-stipulation default situation and covers the law firm's services in issuing a Notice of Default to the debtor and trustee advising that the debtor defaulted on Plan payments, offering the debtor any required opportunity to cure, and conducting negotiations with debtor's counsel.<br><br>2. The $200 fee applies if the debtor does not cure the default upon receipt of the Notice of Default. If the default is not cured, the servicer will file papers to notify the bankruptcy court of the default and the automatic termination of | 1. $100<br>2. $200 | All active files effective 08/16/2017 or later |

| | | | | |
|---|---|---|---|---|
| | | the stay. The fee published by Fannie Mae covers the legal services generally required in connection with an uncured post-stipulation default, including all communications with the servicer and trustee to obtain the necessary information and backup documentation, review of the trustee's payment ledger, review of the servicer's payment history records, drafting and filing the notice to the bankruptcy court, and obtaining any necessary court order.

These allowable fees cover each Notice of Default and uncured post-stipulation default, regardless of the number of debtors involved, or the number of Fannie Mae mortgage loans covered by the Notice. If separate Notices of Default are required for separate Fannie Mae mortgage loans, a full allowable fee is authorized for each Notice of Default. | | |
| 13 | Response to Final Cure Payment | These allowable fees include all legal services provided by the law firm in compliance with Bankruptcy Rule 3002.1 concerning notices of final Plan payments. Upon receipt of a notice from the trustee that the debtor has completed his or her Plan payments and the loan is fully current, the servicer must respond either agreeing or disagreeing that the claim is paid and the loan is current. Fannie Mae will reimburse for two fees:

The $100 fee is applicable when the servicer agrees with the Final Cure Notice and the law firm files a concurrence. This allowable fee includes all communication with the servicer about the Final Cure notice and preparing and filing a concurrence.
The $500 fee is applicable when the servicer objects to the Final Cure Notice and the law firm files an objection. This allowable fee includes all communication with the servicer about the Final Cure notice, review of the debtor's loan history, preparing a detailed response itemizing the unpaid charges, and attending up to two hearings on the objection. Fees for additional proceedings (briefing, discovery, or hearings) must be submitted as excess fee requests.

These fees are allowed for each Final Cure Payment Notice as to which a response is filed. | $100 (agreed) / $500 (objection) | on or after 12/1/2019 |

# Exhibit D

(Request for Information dated 3/20/2025)

# SABATINI LAW FIRM, LLC

**CARLO SABATINI***
**KRISTIN SABATINI**

216 N. Blakely St.
Dunmore, PA 1851
Phone: (570) 341-9000
Fax: (570) 504-2769
Satellite Office: Wilkes-Barre 823-9000

March 20, 2025

Freedom Mortgage
P.O. Box 50428
Indianapolis, IN 46250-0401

RE:    **Borrower: Melissa Martin**
           **Property Address: 110 Lower Powderly St., Carbondale, PA 18407**
           **Loan Number:** ███████9542

Dear Sir or Madam,

On October 21 2024, your authorized agent filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges ("the Notice") in Ms. Martin's bankruptcy case. The Notice identifies the following amounts charged to her account:

| | |
|---|---|
| 06/04/2024 | $400.00 of attorney's fees for Plan Review |
| 07/29/2024 | $550.00 of fees for Proof of Claim |
| 07/29/2024 | $250.00 of fees for Preparation of 410A Form |

On October 29, 2024, I sent a Request for Information ("the RFI") on behalf of Melissa Martin asking for the following information about these fees.

1. All documents that would provide any additional detail regarding any of the following:
   a. the dates that the work was performed,
   b. the name and title of each professional that performed the work;
   c. the amount of time that each professional spent performing the work;
   d. the hourly rate charged by the professional here;
   e. the professional's *standard* hourly rate; and
   f. if the professional does not have a standard hourly rate, then the range of hourly rates that are charged for the professional when they work for other clients on an hourly basis.

2. All documents that would provide additional detail regarding the actual work that was performed. For example, exactly what steps are taken for the item listed as "Proof of Claim," who performed each such step, and how long did each such step take?

The above two numbered paragraphs will be referred to herein as "the Fee Detail Request."

Your initial response was dated November 20, 2024 and did not provide the requested information. Instead, you advised me that "the proper action regarding [my] inquiry is to file an

---

* Board Certified - Consumer Bankruptcy Law - American Board of Certification

objection to the [fee notice] as allowed under [Bankruptcy] Rule 3002.1." You then also said to me: "If you have any questions or concerns regarding the fees and costs incurred, please reach out to our counsel."

On December 5, 2024, I did just that. I emailed your attorney and provided the original request along with your response. I then said:

> As you can see, in the response they said that I should contact you if I "have any questions or concerns regarding the fees and costs incurred, . . ." I do have questions and concerns about the fees and costs – specifically I am seeking the information about fees and costs that is requested in paragraphs 1 – 4 of the letter. Could you please provide that information? Thank you.

Four days later, your attorney responded with an email that said this: "The PPFN filed indicates when these fees and costs were incurred. The PPFN along with the mortgage and note contract, Bankruptcy Rule 3002.1, 41 P.S. 406 and 68 Pa.C.S §2311 should resolve questions 1 and 2."

However, your attorney did not provide any information that contained the detail that had been requested. So, on December 9, 2024, I tried yet again:

> Thank you for your prompt response. However, your email does not resolve any of my issues. Nothing in RESPA gives a lender a right to rely on non-RESPA authority to excuse the lender's duty to comply with RESPA. You seem to be implying that the fees may be charged pursuant to the "mortgage and note contract, Bankruptcy Rule 3002.1, 41 P.S. 406 and 68 Pa.C.S § 2311." Even if that position were correct (and I do not concede that it is), it would not change your client's duty to comply with RESPA. RESPA allows my client to obtain loan-related information from your client to verify that my client is not being overcharged.

After some additional back-and-forth, your attorney eventually provided some invoices that simply reiterated the information that had originally been provided – i.e., the gross amounts billed. The invoices did not provide any of the "additional detail" that had been requested.

On December 11, 2024, I made an offer to your attorney to waive claims arising from your failure to respond. Specifically, I said:

> Because it appears that your client's failure to respond to my previous correspondence was based on advice from you to your client that my letter did not qualify as a QWR under the statute, I would like to offer the opportunity for you to avoid any type of malpractice claim or other client-relations problem. If, within ten days, your client provides *all* of the information that was requested in my letter of October 29, 2024, then my client would waive any

claim that she has which arises from your client's failure to respond.

(emphasis in original).

Again, the offer was emphatic that the waiver would only be granted if you provided *all* of the information that had been requested. On December 21, 2024, you responded again. However, you provided *none* of the information that had been requested in paragraphs one and two of the RFI. Instead, you said this:

> **Responding to requests No. 1 and No. 2.** Borrower requests additional information to verify the fees charged, including counsel rates and agreements between counsel and Freedom. Freedom follows the Fannie Mae Guidelines regarding fees and costs incurred in servicing the Loan. Enclosed is the current Fannie Mae Matrix. Please note Fannie Mae Guidelines, are "instructional" as to what may be considered reasonable. 68 Pa.C. § 2311; *See In re Palmer*, 386 B.R. 875,878 (Bankr. N.D. Fl 2008).; *In re Maldonado*, No. 19-30177, 2019 Bankr. LEXIS 2923, at *6 (Bankr. N.D.N.Y. Aug. 6, 2019).

Ms. Martin will shortly be filing an action against you for refusal to respond to the Request for Information. It is unfair to expect Ms. Martin to be responsible for all of the attorney's fees that I have had to incur to attempt to get you to provide the information.

This letter is a new Request for Information. Please provide the information that was asked for in the Fee Detail Request. If you refuse to provide this information, then I will advise Ms. Martin to pursue a *second* lawsuit against you in connection with that refusal.

Also, so that we can confirm that you are not expecting to recover any improper fees from the debtor, please provide an updated payoff statement.

Sincerely yours,

Carlo Sabatini

Carlo Sabatini

CS/asw
cc:    Mario Hanyon (via email only to mario.hanyon@brockandscott.com)
        Andrew Spivack (via email only to andrew.spivack@brockandscott.com)