# Exhibit H

(March 20, 2025 Letter to Freedom Mortgage)

# SABATINI LAW FIRM, LLC

**CARLO SABATINI***
**KRISTIN SABATINI**

216 N. Blakely St.
Dunmore, PA 1851
Phone: (570) 341-9000
Fax: (570) 504-2769
**Satellite Office:** Wilkes-Barre 823-9000

March 20, 2025

Freedom Mortgage
P.O. Box 50428
Indianapolis, IN 46250-0401

> **RE:** **Borrower: Melissa Martin**
> **Property Address: 110 Lower Powderly St., Carbondale, PA 18407**
> **Loan Number:** **9542**

Dear Sir or Madam,

On October 21 2024, your authorized agent filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges ("the Notice") in Ms. Martin's bankruptcy case. The Notice identifies the following amounts charged to her account:

| | |
|---|---|
| 06/04/2024 | $400.00 of attorney's fees for Plan Review |
| 07/29/2024 | $550.00 of fees for Proof of Claim |
| 07/29/2024 | $250.00 of fees for Preparation of 410A Form |

On October 29, 2024, I sent a Request for Information ("the RFI") on behalf of Melissa Martin asking for the following information about these fees.

1. All documents that would provide any additional detail regarding any of the following:
   a. the dates that the work was performed,
   b. the name and title of each professional that performed the work;
   c. the amount of time that each professional spent performing the work;
   d. the hourly rate charged by the professional here;
   e. the professional's *standard* hourly rate; and
   f. if the professional does not have a standard hourly rate, then the range of hourly rates that are charged for the professional when they work for other clients on an hourly basis.

2. All documents that would provide additional detail regarding the actual work that was performed. For example, exactly what steps are taken for the item listed as "Proof of Claim," who performed each such step, and how long did each such step take?

The above two numbered paragraphs will be referred to herein as "the Fee Detail Request."

Your initial response was dated November 20, 2024 and did not provide the requested information. Instead, you advised me that "the proper action regarding [my] inquiry is to file an

* Board Certified - Consumer Bankruptcy Law - American Board of Certification

objection to the [fee notice] as allowed under [Bankruptcy] Rule 3002.1." You then also said to me: "If you have any questions or concerns regarding the fees and costs incurred, please reach out to our counsel."

On December 5, 2024, I did just that. I emailed your attorney and provided the original request along with your response. I then said:

> As you can see, in the response they said that I should contact you if I "have any questions or concerns regarding the fees and costs incurred, . . ." I do have questions and concerns about the fees and costs – specifically I am seeking the information about fees and costs that is requested in paragraphs 1 – 4 of the letter. Could you please provide that information? Thank you.

Four days later, your attorney responded with an email that said this: "The PPFN filed indicates when these fees and costs were incurred. The PPFN along with the mortgage and note contract, Bankruptcy Rule 3002.1, 41 P.S. 406 and 68 Pa.C.S §2311 should resolve questions 1 and 2."

However, your attorney did not provide any information that contained the detail that had been requested. So, on December 9, 2024, I tried yet again:

> Thank you for your prompt response. However, your email does not resolve any of my issues. Nothing in RESPA gives a lender a right to rely on non-RESPA authority to excuse the lender's duty to comply with RESPA. You seem to be implying that the fees may be charged pursuant to the "mortgage and note contract, Bankruptcy Rule 3002.1, 41 P.S. 406 and 68 Pa.C.S § 2311." Even if that position were correct (and I do not concede that it is), it would not change your client's duty to comply with RESPA. RESPA allows my client to obtain loan-related information from your client to verify that my client is not being overcharged.

After some additional back-and-forth, your attorney eventually provided some invoices that simply reiterated the information that had originally been provided – i.e., the gross amounts billed. The invoices did not provide any of the "additional detail" that had been requested.

On December 11, 2024, I made an offer to your attorney to waive claims arising from your failure to respond. Specifically, I said:

> Because it appears that your client's failure to respond to my previous correspondence was based on advice from you to your client that my letter did not qualify as a QWR under the statute, I would like to offer the opportunity for you to avoid any type of malpractice claim or other client-relations problem. If, within ten days, your client provides *all* of the information that was requested in my letter of October 29, 2024, then my client would waive any

claim that she has which arises from your client's failure to respond.

(emphasis in original).

Again, the offer was emphatic that the waiver would only be granted if you provided **all** of the information that had been requested. On December 21, 2024, you responded again. However, you provided **none** of the information that had been requested in paragraphs one and two of the RFI. Instead, you said this:

> **Responding to requests No. 1 and No. 2.** Borrower requests additional information to verify the fees charged, including counsel rates and agreements between counsel and Freedom. Freedom follows the Fannie Mae Guidelines regarding fees and costs incurred in servicing the Loan. Enclosed is the current Fannie Mae Matrix. Please note Fannie Mae Guidelines, are "instructional" as to what may be considered reasonable. 68 Pa.C. § 2311; *See In re Palmer*, 386 B.R. 875,878 (Bankr. N.D. Fl 2008).; *In re Maldonado*, No. 19-30177, 2019 Bankr. LEXIS 2923, at *6 (Bankr. N.D.N.Y. Aug. 6, 2019).

Ms. Martin will shortly be filing an action against you for refusal to respond to the Request for Information. It is unfair to expect Ms. Martin to be responsible for all of the attorney's fees that I have had to incur to attempt to get you to provide the information.

This letter is a new Request for Information. Please provide the information that was asked for in the Fee Detail Request. If you refuse to provide this information, then I will advise Ms. Martin to pursue a *second* lawsuit against you in connection with that refusal.

Also, so that we can confirm that you are not expecting to recover any improper fees from the debtor, please provide an updated payoff statement.

Sincerely yours,

Carlo Sabatini

CS/asw
cc:   Mario Hanyon (via email only to mario.hanyon@brockandscott.com)
      Andrew Spivack (via email only to andrew.spivack@brockandscott.com)